The opinion of the Court was afterwards delivered by
Parsons, C. J.
(after stating the facts from the judge’s report.) The question in this case is, whether the witness was, in fact, interested in the event of this suit.
I will consider the case as if the witness had remained endorser of the original writ. On that writ a judgment has been rendered, which can be reversed, neither in whole nor in part, by the judgment on this writ. That judgment was for the defendants, and if "t be unsatisfied, they may cause it to be executed at their pleasure, or may maintain an action of debt upon it. If, by the judgment on .he review, it appear that the former judgment was erroneous, the plaintiffs in review will have judgment to recover back the money erroneously recovered in the former suit. But if the former judgment was right, then the defendants, besides executing the former judgment, will now have judgment and execution for the costs of the review. Whatever, therefore, may be the event of this review, 'the witness has no interest in it. His liability on his endorsement remains undischarged. For as he did not endorse the writ of review, he is not answerable for any costs which the defendants may recover on this review; but only for the costs on the original writ which he did endorse. Whether, therefore, he still continued the endorser of the original writ, or whether his name was erased, and a new endorser substituted, is perfectly immaterial.
[ * 27 ] * But it is said, he engaged to indemnify the new endorser. Now, the new endorser cannot be further answerable than the first endorser was; as, by standing in his place, he has assumed the same, and no other liability. But the liability of the endorser of the original writ cannot be affected by any judgment on this writ of review, which he did not endorse. We are therefore satisfied that the witness, by his endorsement of the original writ, could not gain or lose by the event of the suit on the writ of review.
*23 It may be objected, that if the plaintiffs in review recovered, they may satisfy, out of their execution, the execution which issued for costs for the defendants in the original suit; and thus the endorser may be discharged from his liability, and so is interested in the event of this review. It is true that the endorser may be discharged ; but he is entitled to an indemnity at all events from the plaintiffs; and whether he be saved harmless, or whether he be indemnified for the damages actually sustained, involves a question of consequential, and not of direct interest. And upon this principle a man may be a witness for his debtor, although if the debtor fail in such suit the debt may be lost, but may be paid if he prevail.
Indeed, the suit on the original writ, and the suit on a review, by the party who failed in the original suit, may be considered as cross actions between the same parties. A.nd very clearly an endorser of the writ in one action, may be a witness for the party for whom he endorsed, when defendant in the cross suit; and yet it may be said that he is interested that the defendants in the cross suit should recover costs, to balance the costs which he may have to pay in the suit in which he is plaintiff, and for which the witness, as his endorser, may be liable.
We observe that, on motion, the first endorser’s name was erased, and a new endorser substituted. This motion has frequently been made, and has as frequently been resisted by the Court. Every original writ must be endorsed, either by the plaintiff, or his attorney, before it be served. And * the endorser is [ * 28 j holden as security to the defendant for the costs he may recover in that suit. The defendant has, therefore, an interest in the security, of which the Court cannot deprive him without his consent.
Further, no remedy is given to the defendants against any endorser, but one-who endorsed before the service of the writ, except when he moves for a new endorser, the former being insufficient, and the plaintiff living without the state.
It cannot be compared to the case of bail, who, to be made a witness, shall surrender the principal; because he may at any time surrender him at his own election ; and if the plaintiff have the body of the defendant in custody, the bail has complied with his stipulation, and has discharged himself.
Upon the whole, we are satisfied that Mr. Ely was a witness competent to be sworn for the plaintiffs in this cause, and that a new trial ought not to be granted.

Judgment on the verdict.