### JEREMIAH BROWN *versus* EBENEZER SMITH.

Where A. impounds the cattle of B. *damage feasant*, and omits to describe one of them in his notification, B. can sustain replevin for the creature omitted, but for that one alone. In such case, if B. replevy all the animals, and on the trial the jury find some of the issues for A. and others for B., each is entitled to cost on those found in his favor.

REPLEVIN against the defendant, for taking and impounding four oxen, three cows, and one bull, the property of the plaintiff. The defendant avowed the taking of the cattle *damage feasant*. To this avowry the plaintiff filed seven pleas in bar, which closed in issues to the country. A verdict was found for the defendant on all the issues, except the third and fourth. These having terminated in a point as to the notice given by Smith to Brown, after impounding the cattle, the jury found specially, that in due season the said Smith caused a notification in writing to be left at the last and usual place of abode of the said Brown, in Brentwood, which same notification certified the said Brown of the damage done, and contained a description of the oxen and cows, but made no mention of the bull.

Upon this verdict the plaintiff moved for judgment in his favor on all the issues, notwithstanding the verdict.

*J. Smith*, for the plaintiff.

*Farrar* and *Sullivan*, for the defendant.

WOODBURY, J.,[*] delivered the opinion of the court.

(1) Stat. of Feb. 9, 1791, § 1. 1 N. H. Laws 412.

Our statute in relation to the impounding of animals(1) requires that the notification to the owner should, among other things, describe the creatures that did the damage.

When a person justifies his conduct under a particular statute, he must shew at least a substantial compliance with its provisions. 2 *Mass. Rep.* 419, 420.—6 *East* 417.

If he derive a title to property under it, as in the present case, the authorities demand a rigid compliance with all its material requisitions. 1 *Mass. Rep.* 418.—4 *D. & E.* 368, *King* vs. *Newcomb & al.*

The adjudged cases establishing this rule, which have arisen under our statutes in relation to the extent of execu-

[*] RICHARDSON, C. J., having been of counsel, did not sit in this cause.

tions, collections of militia fines, assessment of taxes, advertising strays, &c. are numerous. *Atherton* vs. *Whitford,* *Hill., Oct.,* 1811—11 *Mass. Rep.* 468.

Indeed, the quaint maxim that the statute law is a tyrant, but the common law a nursing parent, is predicated in part on the same principle. 2 *Wils.* 351.—8 *East* 236.

But the omission in the notification in this case, of any description of one of the cattle impounded, was, on even a liberal construction, a palpable non-compliance with the statute. The materiality of this omission is demonstrable, because it prevented the owner from knowing what property of his was distrained. This point would have been more strikingly exemplified, though not altered in principle, had the " creature" omitted been the only one impounded, or the only one of the eight which actually belonged to the person notified. But though this omission be fatal to the notification as respects the beasts not described, yet we apprehend such a defect will not impair its validity in relation to the other animals. In the case of *Cross* vs. *Hughs, Grafton County,* 1807, it was very properly decided, that a notice given *too late* rendered the whole avowry bad. While this fortifies our position, that the departure from the statute in the present case was fatal, *pro tanto,* it does not prove that such departure affects the whole proceeding. There the lateness of the notification extended to every article distrained, and the avowant did not comply with the statute in relation to a single " creature" impounded ; here he strictly conformed to it as respects every creature but one. The only sound rule of construction on the subject is, for courts to be governed by the nature of the deviation from the statutory provisions. Where it is of such a character as to reach the *gist* of the transaction, to affect the whole, then all the proceedings must fall : but if its operations be confined to a single independent particular, then only that portion should fall which the defect reaches. So a consideration may fail in part, and not *in toto,* and a defendant may be able to justify as to part and not as to all. 8 *East* 231, *Kerrison* vs. *Cole & al.*—11 *Ves.* 629, *Mestaer* vs. *Gillespie.*

The point involved in the third and forth issues, then, is material, but does not vitiate the avowry, except as to one animal. Nor do we entertain any doubt that the defendant's impounding that one, without giving to the plaintiff any notice of the fact, was such an abuse of the distress in relation to the animal as to render the defendant liable to the present form of action. The writ of replevin here is extended in practice much further than in England. But were we to adopt their principles, that it does not lie against a distrainor, unless he so conducts as to render himself a trespasser *ab initio*, (1 *Chitty's Pl.* 562,) yet to shew that the omission in the present instance was of that character, the cases of *Hopkins* vs. *Hopkins*, 10 *John*. 369 ; *Sackrider* vs. *Mc-Donald, do.* 253, and *Pratt* vs. *Petrie*, 2 *John*. 191, are express authorities.

The disagreement of the parties in this case, as to the form of the judgment and the taxation of costs, results from the difference between the English practice and our own. In the king's bench, in some cases, where certain issues are found for the plaintiff and others for the defendant, the latter is entitled to cost on those determined in his favor. *Tidd* 612, 13. But in this state, as well as in Massachusetts, the general rule is otherwise ; and if the plaintiff succeed on any issue entitling him to any part of his claim, he alone is permitted to tax cost. 7 *Mass. Rep.* 25, *Fowler* vs. *Shearer*.

The action of replevin, however, constitutes here an exception to the general rule. In other actions, whether founded in contract or tort, if the plaintiff establish his claim as to a single particular sued for, he shews a cause of action, and is alone the prevailing party.

But in replevin, the party instituting the suit is not alone the actor ; nor in the present case the sole prevailing party. It is a preceeding *in rem*. It resembles a libel in a court of admiralty, and the parties are both claimants. The defendant here shows an inchoate title to seven of the " creatures" impounded, and that the plaintiff wrongfully replevied them

from him. He is, therefore, entitled to judgment, for damages and costs on the respective issues found in his favor. The plaintiff shows a wrongful detention by the defendant of one of the beasts replevied, and is therefore entitled to damages for such detention, and cost upon the third and fourth issues. *Rogers* vs. *Farber, Rock., Feb.* 1814.—5 *Mass. Rep.* 343, *Powell* vs. *Hensdale.*

*Let judgment be entered and costs taxed accordingly.*