## SAMUEL KIMBALL *vs.* EDMUND ADAMS.

In replevin for goods distrained, the plaintiff may plead in bar of the avowry, matter, which shews the defendant a trespasser *ab initio*

When cattle have been taken damage feasant, if notice be not given as the statute requires, the omission is a non feasance which does not render the first taking unlawful; but the subsequent detention of the cattle will be deemed unlawful.

And our statute has made replevin an appropriate remedy for such unlawful detention.

REPLEVIN for three cows and one heifer. The declaration alleged that the defendant, on the 28th July, 1823, at *L.* in said county, in a certain close adjoining the defendant's dwelling house in *L.* took the cattle &c. and unjustly detained them against sureties and pledges, &c.

The defendant avowed the taking and impounding the cattle, as a distress for damage done by the same cattle, in the said close, which he alleged to be his soil and freehold.

The plaintiff pleaded in bar to the avowry—

1st, That the defendant, on 28th July, 1823, impounded said cattle in the common pound, in *L.*, and there suffered them to remain impounded more than twenty-four hours, without giving to the plaintiff a notification thereof, as prescribed by the statute ; the defendant knowing the plaintiff to be the owner of the said cattle.

2d, That the defendant impounded, in the pound aforesaid, the said cattle, and permitted them to remain impounded more than twenty-four hours, without putting up notifications as the statute requires ; the owner of said cattle being unknown to the said defendant.

To these pleas the defendant demurred, and the plaintiff joined in demurrer.

*Thom*, for the plaintiff.

*Porter*, for the defendant.

*By the court.*—It is objected in this case that the pleas in bar of the avowry are departures from the declaration. But it seems to us that this objection has no foundation. The plaintiff complains, in his declaration, not only of the taking, but of the illegal detention of his cattle ; and the matter of the pleas in bar of the avowry, if it amount to any thing, goes to shew an illegal detention of the cattle ; and, in that respect, fortifies the declaration and is not a departure. 2 *Chitty's Pleadings,* 639.

Kimball
*vs.*
Adams.

But there are other questions arising upon these pleas. It is now well settled, that a plaintiff in replevin may plead in bar of the avowry, that the avowant, after making the distress, became a trespasser *ab initio.* 1 *Chit. P.* 562.— *Comyn Digest,* " *Pleader,*" 3 *K.* 20.—10 *John.* 369, *Hopkins vs. Hopkins.*—2 *ditto* 191, *Pratt vs. Petrie.*—10 *ditto* 253.

But a neglect to give notice, or to post up notifications, is a mere non feasance, which cannot make the avowant a trespasser *ab initio. Ordway vs. Ferrin,* Grafton, May 1824. It is true, that in the case of *Smith vs. Brown,* (1 *N. H. Rep.* 36,) a contrary opinion is intimated by the court. But it will be found upon examination, that the opinion, thus intimated, is not supported by the authorities, upon which it purports to be founded. Those authorities are decisions of the supreme court of New-York ; in which it was decided, that if, in that state, cattle taken damage feasant are impounded without having the damage previously assessed by the fence viewers, according to the directions of their statute, it makes him, who so impounds them, a trespasser *ab initio.* But those decisions rest upon the particular provisions of their statute, which render it unlawful there to impound, in a publick pound, before the damage is assessed. In the case of *Sackrider vs. M'Donald,* (10 *John.* 257,) Kent, C. J., says " the " impounding the cattle in the publick pound, before the dam- " ages were appraised, was not a mere non feasance, but a " positive act unauthorized by the statute." If a lessor distrains for rent, a refusal to re-deliver upon a tender of the arrears does not make the lessor a trespasser *ab initio.* 8 *Coke* 290.—10 *John.* 373.—15 *ditto* 401.

But although this omission may not have made the defendant a trespasser *ab initio,* it may have rendered his subsequent detention of the cattle unlawful. Upon this point it is unnecessary to say what our opinion would have been, had the question now, for the first time, presented itself for decision. Because it has been repeatedly settled, that such an omission does render the detention unlawful. *Cross vs. Hughs,* (1 *N. H. Rep.* 37,) and *Brown vs. Smith,* (1 *N. H. Rep.* 36.) And we are inclined to think it is doing no injustice to the person, who makes the distress, to consider him as

*Kimball*
*vs.*
*Adams.*

having abandoned his remedy, by neglecting to give the notice which the statute requires, and to treat his subsequent detention of the distress as unlawful.

But as these pleadings now stand, the original taking of the cattle is admitted to have been lawful ; and the question presents itself, whether, where that is the case, replevin can be maintained for a mere unlawful detention ?

On this question there has been much diversity of opinion. Some have held that replevin did not lie for an unlawful detention, when the taking had been lawful. 15 *John.* 401.— 1 *Mason* 322.

Others have been of a contrary opinion. 6 *Mass. Rep.* 427.—16 *ditto* 147.—15 *ditto* 359.—8 *Coke* 290.—10 *John.* 372.—*Hammond N. P.* 373.

But whether, at common law, replevin lies for a mere unlawful detention, where the taking was lawful, need not be decided in this case ; because our statute of February 9, 1791, (1 *N. H. Laws*, 413,) enacts, that " in all cases, the " owner of the creatures impounded may at any time, while " the creatures remain in the pound, replevie the same, if " he see cause." And this clause has been always construed by our courts to have made replevin the appropriate remedy, to try as well the regularity of the proceedings in relation to the distress, as the legality of the taking. 1 *N. H. Rep.* 36, *Brown vs. Smith.*—*Hammond N. P.* 373.—*Fitz. N. B.* 159.

We are therefore of opinion, that the pleas in bar of the avowry are in law a sufficient answer, and that there must be

     *Judgment for the Plaintiff.*