ELIJAH THAYER *et al. versus* NATHANIEL GODDARD.

It is competent to this Court to grant a review in the case of a judgment on *scire facias* against bail, and to reverse the judgment, and thereupon the bail may surrender their principal.

THIS was a petition by E. Thayer and J. C. Bates, merchants and copartners, in which they represent, that Goddard sued out a writ against Heman Fay and another, on which Fay was arrested ; that the petitioners became bail for Fay ; that at the October term 1835, of the Court of Common Pleas, Goddard recovered judgment in his action, for $1628·66 ; that he afterwards sued out a *scire facias* against the petitioners, as bail, returnable at the April term 1836, of the Common Pleas, and the *scire facias* was entered in court ; that by reason of accident and mistake, no appearance was entered for the petitioners, and judgment was rendered against them upon default for $1673·04, (being in fact $64·58 more than the penal sum

in the bail bond,) and execution has been issued therefor ; that they could, at any time, have surrendered Fay, and it was at all times their intention to surrender him in discharge of themselves as his bail, and that they intend to produce him whenever an opportunity shall be presented for them to surrender him ; that soon after the service of the writ of *scire facias* upon them, they retained A. A. Dame, a counsellor of this Court, to enter an appearance in the suit of *scire facias*, and Mr. Dame undertook to attend to and take care of the case, in their behalf, for the purpose of having Fay surrendered, but that Mr. Dame, by mistake and accident, omitted to enter an appearance, and so judgment was rendered against the petitioners, as before stated ; wherefore they pray for a supersedeas of the execution, and for a review of the action on the *scire facias.*

Mr. Dame stated in an affidavit, that in February 1836, he was retained by Thayer and Bates in the action of *scire facias ;* that he agreed to appear at the return term in April, and either procure a continuance of the suit to the July term, or enter an appeal ; that Thayer informed him that Fay would come to Boston so as to be surrendered at the April term, if a continuance could not be obtained ; that the deponent told him that if Fay should be in Boston in July it would probably be in sea son, and that the deponent would take charge of the case ; that in the course of the April term, the deponent examined the clerk's docket several times with particularity, to see if there was any suit upon the docket in which the deponent had been retained, and had not entered his appearance ; that this suit stood on the docket in the following manner : "Nathaniel Goddard *v.* Joshua C. Bates *et al.*" ; that Thayer was the senior partner, and had the action stood "Nathaniel Goddard *v.* Elijah Thayer *et al.*," the deponent verily believed he should have noticed it, and should consequently have entered his appearance and thereby prevented the default which occurred in the action.

Daniel Parkman, a deputy sheriff, made his affidavit, that after the execution of Goddard against Fay and another had been put into his hands for service, and before the return day, he gave notice to Thayer and Bates, as bail, to surrender their

Thayer
*v.*
Goddard.

March 17th.

principal to be taken on the execution, and informed them of the time within which it was necessary to be done.

*Fletcher* and *Morey*, in support of the petition, cited *St.* 1786, *c.* 66 ; Anc. Charters, &c. 431, 489 ; *St.* 1788, *c.* 11 ; *St.* 1791, *c.* 17 ; Revised Stat. *c.* 99 ; Ibid. *c.* 92, § 6 ; 5 Dane's Abr. 220 ; 6 Dane's Abr. 453 ; *Billerica* v. *Carlisle,* 2 Mass. R. 158 ; *Lincoln* v. *Goulding,* 3 Mass. R. 234 ; *Galloway* v. *Pitman,* 3 Mass. R. 408 ; *Bruce* v. *Learned,* 4 Mass. R. 616 ; *Ex parte Packard,* 10 Mass. R. 426 ; *Brigham* v. *Elliot,* 12 Pick. 172 ; *Johnson* v. *Wetherbee,* 3 Pick. 247.

*Bartlett,* for the respondent, cited *Ely* v. *Forward,* 7 Mass. R. 25 ; *Swett* v. *Sullivan,* 7 Mass. R. 348 ; *Clap* v. *Bell,* 4 Mass. R. 99 ; *Bingham* v. *Pepoon,* 9 Mass. R. 239 ; Revised Stat. *c.* 99, § 12, 13, 14, and the notes of the commissioners ; Revised Stat. *c.* 91, § 10.

March 27th.

SHAW C. J. delivered the opinion of the Court. The first, and by far the most important question is, whether the Court have authority, in the present case, to grant a review, or rather, (the authority being given in terms broad enough to include it,) whether, upon a review, it would be competent for the Court to afford the petitioners the relief which they propose, and expect to obtain by a review. The petitioners have been defaulted, as they allege, by accident and mistake, on a suit by *scire facias* against them as bail of one Heman Fay, whom it was their intention to surrender, in discharge of their suretiship, as by law they might.

The ground of objection is, that a writ of review is an original writ, in which if the party recovering prevails, he has a judgment to recover back part, if the original judgment against him has been for too much, or to recover back the whole, if the original plaintiff, the defendant in review, ought not to have recovered any thing ; but that in no event can the original judgment be reversed. Then, as bail are fixed by a judgment on *scire facias,* and it is then too late to surrender their principal, if the original judgment cannot be reversed, the principal cannot be surrendered, and therefore, unless the petitioners can show that judgment has been rendered against them for too

large a sum, they have no. cause of complaint, which can be redressed on a review.

It is conceded, and is very obvious from a comparison of the statutes, that writs of review sued out, upon petition granted for that purpose, are to be conducted in the same manner as reviews sued out as of right, under *St.* 1786, *c.* 66. That statute provides, § 2, that on review, " the former judgment may be reversed in whole or in part, or greater damages or less, or no damages, may be given."

The case mainly relied on, as an authority, by the counsel for the respondent, is *Ely* v. *Forward*, 7 Mass. R. 25. In the first place, it is obvious, that the question of what is the proper form of judgment in reviews generally, was not open in that case. It was a question, whether on a writ of review, brought by a plaintiff, on a suit in which the original defendants had obtained a judgment for costs, the indorser of the original writ was a competent witness, and it was held that he was. The ground was, that the writ of review was an original suit, that the witness had not indorsed the writ in that action, and therefore could in no event be liable for the costs of that suit.

Further, we think the observations of the Court were confined to the judgment in that case. It went no further than to hold, that a judgment for a defendant for costs only, would not be reversed, on a review of the same action, by the original plaintiff. To that extent it may be considered as a good authority ; for it is difficult to perceive how a case could arise, in which it would be necessary or proper to reverse such a judgment. If that judgment for costs, had been satisfied, then the witness, surety for the original plaintiff for those same costs, was discharged, and had no interest which could affect his competency, and the remedy of the plaintiff in review would be to recover his costs back, in the judgment on the review. If not satisfied, the judgment in review would be a good set-off. In this last event, his interest would be only that of a creditor, in the success of a debtor, or a surety for one judgment, in a cross action, which may operate as a set-off, and so it was put in that case. To consider this as an authority for the position, that in no event can an original judg-

ment be reversed, on a review, would be applying it as authority for a rule of law, which was not alluded to in argument, and seems not to have been in the contemplation of the Court.

In addition to the direct provision of the statute, that on a review a former judgment may be reversed, in whole or in part, there are many cases, in which this is recognized as the settled law, and in one case, the form of the order is given, by which a former judgment was reversed.  *Galloway* v. *Pitman*, 3 Mass. R. 408.  The intent of the statute manifestly was to give full power to apply the suitable and proper remedy, where wrong and erroneous judgments were given, and as these might be very various, it was necessary that the power should be large, so that the modes of redress might he adapted to all the cases, as they should arise.  Many cases may be imagined, where it would be necessary to reverse and annul a former judgment, and where a mere judgment to recover back, would be wholly an unsuitable and inadequate remedy.

The respondent relies upon several sections of the Revised Statutes, providing that where a plaintiff recovers more than is due there may be a judgment on review to recover back the excess ; or where the damages are too small, there may be a new judgment for the balance.  Revised Stat. *c.* 99, § 13, 14.  These are useful provisions and well adapted to particular cases.  Where judgments have been satisfied, in whole or in part, where land has been levied on and a title acquired, and in many others which may be supposed, it would be important not to disturb the first judgment.  But this does not preclude a different judgment where the case requires it.

The provision in Revised Stat. *c.* 92, § 6, is, that on taking judgment against an absent defendant, execution shall not be taken out within one year, without a bond conditioned to repay, if the judgment shall be reversed upon a review, &c., or as much of the amount first recovered, as shall be recovered back upon such review.  This is a distinct and explicit recognition of the authority of the court, before whom the review is had, to reverse a judgment wholly, or to render a judgment to recover back, as the circumstances of the case may require.

The case of *Jones* v. *Howland*, decided in 1830, and not reported, is a case directly in point, where the Court reversed

a judgment rendered on *scire facias* against bail, and accepted the surrender of the principal, in discharge of bail, in the same manner as if no judgment against the bail had been rendered. The Court are of opinion, as well upon the authority of that case, as upon a general view of the statutes, that a writ of review may be granted in a case situated like the present, and that on a reversal of the judgment the bail may surrender their principal, on payment of costs, as they might have done on the original *scire facias,* before the alleged erroneous judgment was entered.

Another technical difficulty in this mode of proceeding was suggested, which is this ; that a *scire facias,* being a judicial writ, must issue from the court by which the judgment was rendered, and who are in possession of the record, and that as this was a judgment of the Court of Common Pleas, the record of that court will not be in possession of this, on the review, and that this Court cannot therefore receive the surrender of the principal by the bail.

This objection is effectually obviated, by the provisions in the Revised Statutes. By *c.* 99, § 4, the plaintiff in review shall produce and file certified copies of the writ and judgment of all proceedings in the former suit.

By § 25, when a review is granted by the Supreme Judicial Court the trial shall be had in the same court, in like manner as if the action had been carried there by appeal or otherwise, in the usual course.

An appeal from the judgment of the Court of Common Pleas on *scire facias* against bail, is given as in all other cases.

2. Considering it then settled, that it is within the authority of the Court to grant this petition, the next question is, whether there is sufficient cause shown to satisfy the Court, that it ought to be done.    This depends on a view of the evidence.

The rights of bail are to be favorably regarded, because the giving of bail tends to secure personal liberty, without interfering with the just rights of creditors to compel payment of their debts.

The rights of bail are rights secured by statute, and not considered as standing upon grace and favor.    The bail are not deemed fixed, until judgment on *scire facias* or the death of the

Thayer
*v.*
Goddard.

principal, after a return of *non est inventus*. Until fixed, the bail are not deemed in default. They guaranty that the principal shall abide the judgment, or that they will be held to all the reponsibilities thrown on them by law by his avoidance. But though they may surrender him on the execution and thus be discharged, they are not bound to do so, and cannot be considered in default, for not doing it. Till a return of *non est inventus*, their obligation is not broken. Though Mr. Parkman did a very proper and obliging act in notifying the bail that he had the execution, they were not in default for not then producing the principal.

Again, the right to surrender on *scire facias*, and the right to appeal from the judgment of the Court of Common Pleas, are rights fixed by law.

Under these circumstances we are of opinion, that the petitioners were well warranted in waiting until *scire facias* was brought against them, and if they took measures to have their principal ready to be surrendered on the *scire facias*, they were not chargeable with want of due diligence.

It then comes to this, whether the mistake of the attorney whom they employed, in not entering an appearance, is sufficient to exempt them from the imputation of laches. Under the circumstances, we think it was. All that parties can do, under such circumstances, is, to retain an attorney to act for them. He may be prevented by various causes, from attending to the subject, as by sickness, unexpected detention or otherwise. Great care should be taken not to encourage negligence and carelessness in cases of so much importance to the rights of others, especially in agents who receive a compensation for their services. And cases may be supposed, in which it would be better to leave parties to their remedies against their agents, rather than by interposing the extraordinary authority of the court, to relieve against accident or mistake arising from carelessness. But under the circumstances of this case, considering that the names of the bail, who were partners in trade, and who were well known by their partnership firm, in which Thayer's name stood first, were reversed on this record, and the other circumstances testified by Mr. Dame, by which he was prevented from discovering the name of the case on the

docket, and entering an appearance, the Court are of opinion that the mistake was the result of accident and not of carelessness or inattention.

*Writ of review granted.*