## MEACHAM *vs.* JONES.

In trespass, where the plaintiff includes several distinct trespasses in several counts, and prevails as to part, while the defendant succeeds as to the residue, each party will be allowed the costs on the issues found for him.

If in such case the plaintiff recover less than thirteen dollars damages, and he had no reasonable expectation of recovering more than that sum, he will be restricted in his costs, at the discretion of the court.

TRESPASS. The declaration contains four counts. The first is *quare clausum fregit ;* and charges the defendant with breaking and entering the plaintiff's close, in Claremont, which is particularly described, with its abuttals, and cutting down and carrying away the plaintiff's grass. The second count charges the defendant with taking and carrying away two ton of hay of the plaintiff's. The third count charges, that the defendant with his cattle ate up, consumed and destroyed a certain stock of corn fodder of the plaintiff's. The fourth count alleges that the defendant took and carried away two tons of hay of the plaintiff's.

Meacham *v.* Jones.

The defendant pleads the general issue as to all of the first count, except the breaking and entering a certain part of the close therein described, which part is particularly described in the plea, and cutting thereon and carrying away two tons of grass; and as to that part of said close pleads soil and freehold. He also pleads the general issue as to the second and fourth counts: and by a further and second plea justifies the acts alleged to have been committed in said counts, as owner of the close where said grass and hay was growing; and that as such owner he entered and cut said grass and took and carried away said hay. The defendant pleads the general issue as to the third count.

The jury found a verdict for the defendant on the first, second, and fourth counts; and for the plaintiff on the third count, and assessed damages in the sum of two dollars thirty-three cents.

Upon motion of the defendant, it was adjudged by the court that the defendant be allowed his costs on the issues found for him, and that the plaintiff be limited in his costs on the issue found for him, to the sum of five dollars. To which order of the court the plaintiff excepted.

*Handerson*, for the plaintiff, cited *Fowler* vs. *Shearer*, 7 *Mass. R.* 25; *Brown* vs. *Smith*, 1 *N. H. Rep.* 38.

*Leland*, for the defendant.

WILCOX, J. This is trespass, and the declaration contains several counts. The first is trespass *quare clausum fregit.* The others are for taking and carrying away certain hay and corn fodder. The counts are for separate causes of action, in distinct tracts of land. As to part of the close described in the first count, the defendant pleads soil and freehold, and thus justifies the acts there alleged to have been committed. This issue is joined, and upon trial found for the defendant. The general issue is pleaded to the other counts; and upon

this issue the plaintiff has recovered a verdict, with damages assessed at less than five dollars.

In the court below the defendant was allowed his costs upon the issue found for him ; and the plaintiff, having upon the other issues recovered less than five dollars damages, and upon these issues the title to real estate not being in question, he was restricted in his costs to the sum of five dollars. And the question is upon the correctness of that allowance and limitation of costs.

The rule adopted in the court below is manifestly the one demanded by the equity of the case. The plaintiff has tried several and distinct claims, and has failed in the most essential part. He ought not to be permitted to throw all the expense of this litigation upon the defendant. What justice requires is, that so far as the plaintiff has prevailed, he should recover his costs ; and so far as the defendant has succeeded, he should have the same recovery. Are we restrained by any inexorable and unquestioned rule of law from thus doing exact justice to both parties ?

The English decisions upon this point are somewhat conflicting ; and it is difficult to deduce from them any general principle, which is not subject to exceptions. *Dodd* vs. *Joddrell*, 2 *T. R.* 235 ; *Brooke* vs. *Willett*, 2 *H. Black.* 435 ; *Vollum* vs. *Simpson*, 2 *Bos. & Pul.* 368 ; *Astley* vs. *Young*, 2 *Burr.* 1232 ; *Cook* vs. *Sayer*, 2 *Burr.* 753 ; *Butcher* vs. *Green, Dougl.* 678 ; *Kirk* vs. *Nowell*, 1 *T. R.* 266 ; *Cook* vs. *Green*, 5 *Taunt.* 594 ; *Day* vs. *Hanks*, 3 *T. R.* 654 ; *Griffith* vs. *Davies*, 8 *T. R.* 466 ; *Portan* vs. *Stannay*, 5 *East* 261 ; *Vivian* vs. *Blake*, 11 *East* 263. See, also, *Wright* vs. *Williams*, 2 *Wend.* 632.

By a recent rule of the English courts, a plaintiff is to be allowed costs only on the issues on which he succeeds ; and the costs of all issues found for the defendant shall be deducted from the plaintiff's costs. 3 *Chitty Gen. Pr.* 476.

In this state, in replevin, where the plaintiff recovers as to part, and the defendant as to the residue, both parties are

allowed their costs.    *Brown* vs. *Smith.*    1 *N. H. Rep.* 36.
And although this is said to be an exception to the general
rule, yet we cannot perceive any substantial difference in this
respect between the action of replevin, and trespass for several
trespasses entirely distinct and separate in their character.

The statutes of this state provide, " that the justices of
the several courts of common pleas, and of the superior court
of judicature, in all actions triable before them, be authorized
to limit and allow such bills of costs as law and justice shall
require."    1 *Laws,* 324.

The most extensive authority, to be regulated indeed by a
sound discretion, is thus given the court in the allowance of
costs ; an authority which we think should be exercised in
cases like the present.

The plaintiff has no reason to complain, although, as sug-
gested at the bar, a different rule of practice has hitherto pre-
vailed in this state without having been questioned.   If he
has come here hoping to try a doubtful title to land, at the
defendant's risk and expense, because the defendant may have
at some time committed a trifling and perhaps involuntary
trespass upon some other of the plaintiff's property, he has
come intending to do injustice under the forms of law, and
no one can regret that he should be disappointed.

We, therefore, hold, that where the plaintiff includes sev-
eral and distinct trespasses in several counts of the same de-
claration, and prevails as to part, while the defendant succeeds
as to the residue, each party shall be allowed the costs of
the matter found for him.