Putnam, G. J.
The sole question of law before us is whether a petition brought in this court for the review of a decision made by the board of review of the division of unemployment compensation can, after a hearing and determination thereof by a single justice, be brought to the appellate, division by report. This division, like all other courts, has the right and the duty of inquiring into its jurisdiction in any case which comes before it.
By St. 1935, ch. 479, sec. 5 the legislature enacted a new chapter (151 A) of the G-eneral Laws, dealing with unemployment compensation. After many amendments, and after, being recast and re-enacted by St. 1937, ch. 421, the *285 final form of the portion of said chapter material to the above-stated question of law appears as St. 1939, ch. 20, sec. 3, as most recently amended by St. 1939, eh. 490, sec. 16, and is as follows:
“Section 30. Any interested person aggrieved by any decision of fact or of law in any proceedings under this chapter may, after exhaustion of other appellate remedies provided in sections twenty-eight and twenty-nine, bring a petition in the district court within the judicial district whereof he lives or is or was employed, addressed to the justice of the court, praying- that such decision may be reviewed by the court. Such petition shall be brought within twenty days after the date of notification or mailing of such decision, and, after such notice as the court deems necessary, it shall review such decision, hear any or all of the witnesses and determine whether or not upon the law and the evidence such decision was justified, and shall thereupon affirm, modify or revoke such decision ...”
It has long been settled that an appellate division has no jurisdiction of a cause which, by compulsion of law, has to be brought in a district court. If the cause could have been brought either in the -Superior Court or in a district court and the plaintiff elects to bring it in a district court, either party may as of right claim a report to an appellate division, which would thereupon have jurisdiction and ■would be obligated to consider and pass upon the report. But in the absence of such power of election no report lies to an appellate division. This petition was brought in this court by compulsion of law. Consequently this division has no jurisdiction to consider this report. G. L. (Ter. Ed.) C. 231, sees. 103, 108; Lynn Gas & Electric Co. v. Cre *286 ditors National Clearing House, 235 Mass. 114; Donnelly v. Montague, Mass. Adv. Shs. (1940) 21.
We have not before us, and have not considered, the question of what, if any, other right of review of the action of the single justice is open to the parties to a proceeding of this sort. We decide only that a report to this division does not lie.
Report discharged for want of jurisdiction.