Parsons, C. J.
The statute of 1786, c. 66, authorizes reviews ; and it enacts that either party aggrieved at the judgment of the Supreme Judicial Court, where only one verdict has been given against him, may at any time within two years review the same cause, and have one trial more, which shall be upon the issue appearing on the record. By the uniform practice under this statute, the party aggrieved has never reviewed the cause, unless where there has * been an issue to the country, [ * 499 ] and a trial by a jury, and there have not been two verdicts against him. If there has been but one trial, and the verdict has been found for him, if he is aggrieved he may review, although, agreeably to the letter of the statute, there has not been one verdict against him.
But no review of an action has been allowed, where the judg ment has been rendered upon a default, whether the damages have been assessed by the Court or by a jury. On a review, the xt hole cause is to be reviewed without any new pleading; and there can be no amendment of the former pleadings, although either party may introduce new evidence. But a default is, by the statute of 1784, c. 28, § 7, a confession of the charge in the declaration ; and if a review lay, this confession would remain of record, and the party reviewing could have no other relief, but by a new inquest to inquire into the damages. The cause, therefore, could not be reviewed.
If the aggrieved party, after default, complains of the damages, he may have remedy, if he has good cause of complaint, on motion to the Court to set aside the inquest, and to grant a new inquiry ; or, if the declaration should be insufficient for the plaintiff to have judgment on default, the defect will be on record, and he may be relieved on error.
By the last-cited statute, the damages, after a default, may be assessed by the Court, with the plaintiff’s assent; or he may have a jury. The Court generally refuses to assess the damages in actions where the law has prescribed no rule by which they may be measured, but leaves them to the feelings of a jury. In dower, the damages are measured by the annual value of the land, which is a fact the Court might ascertain as well as a jury, on the evidence produced. And in the case at bar, the Court, with the demandant’s assent, might have assessed her damages. But the *412 right to a review cannot depend on the manner in which damages have been assessed, but must be confined to actions, in [ *500 ] which issues in fact have been joined, and tried by *the country. If it were not so, then, when judgment has been rendered on an issue in law, and damages have been after-wards assessed by the Court, or by an inquest, the party aggrieved might review; which has never been allowed, but the party has been left to his writ of error.
It is true that sometimes there are issues in law as well as fact joined, in which cases the party aggrieved at the judgment on the verdict may review the whole cause, and all the issues may be again tried, the issues in law by the Court, and those of fact by a jury.
To authorize a review as of right, there must be an issue in fact tried, and the party reviewing must be aggrieved at a judgment on the verdict; but an inquest to assess damages is not had on an issue in fact joined by the parties.
Reviews of right, to try a second or third time matters of fact, are impolitic, as tending to introduce perjury or embracery ; and the statute authorizing them ought not to be extended beyond its manifest intention, which authorizes them only in cases where the merits of the action are involved in an issue of facts, and not where the quantum, of damages only is to be ascertained, as is the point in the action before us. We do not here speak of reviews grantable at the discretion of the Court, where, through accident, or from other causes, there has not been a fair trial.
A review not lying in this case, execution cannot be stayed on giving bonds.
After the Court had given this opinion, the tenant moved to set aside the inquisition of damages returned by the jury, on the ground that the jury had assessed damages because the tenant had not assigned dower to the demandant in a messuage erected by the tenant since his purchase of the land from her husband. The fact was denied by the demandant, and the judge not having reported any evidence on which the motion could be supported, it was not granted. And the demandant agreeing not to claim dower in the messuage erected after the purchase by the tenant, a writ to assign dower was ordered to issue to the sheriff in the usual form. (1)

 [It is clearly settled, that dower is to be assigned in the premises, as they were at the time of the al ‘enation. — Ed.]