By the Court.

One question arising in this case is, whether the plaintiff in review is entitled to the benefit of the provisions of the *396 limitation and settlement act; that act having passed since judgment was rendered in the original action for the defendant in review, who was the original demandant. And we are all of opinion that he is not so entitled. That act was never intended to apply to trials by review, in which the merits tried before can alone be tried. Those merits are also to be tried upon the former pleadings. The effect of the statute, if it applied to trials on review, would be to prevent execution, for a reason which did not exist at the former trial.
[ * 474 ] * If the tenant in the court below claims the benefit of the act and succeeds, and the demandant appeals, still the tenant will be entitled to the benefit of his claim below ; or, if he has not claimed it before, he may have the benefit of it on the appeal, if he claims it then. But the case of a review is quite different. Here the only questions to be tried by the jury must be comprehended in the pleadings on which the former trial was had.
The claim must in every case be made before the trial commences; that either party may make his objections to the jurors for the causes mentioned in the statute.
The verdict, being for the defendant in review, need not be set aside. Let judgment be entered upon it, and execution issue as in due course.