BETTIS<br>*v.*<br>AMONETT

---

## The Bank of Kentucky *v.* Conner et al.

After a *cessio bonorum* by an insolvent, an action to annul a contract made by him in fraud of his creditors cannot be maintained by any creditor individually. It must be instituted by the representative of the creditors. *Aliter,* when there has been no cession. C. C. 190, 1965. Stats. 25 March, 1808; 20 Feb. 1817.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *Mott*, for the plaintiffs. *David* and *Grymes*, for the appellant, *Conner*. The judgment of the court was pronounced by

    EUSTIS, C. J. On the 6th of May, 1846, a judgment was rendered in the Fifth District Court of New Orleans, in the case of *Sarah Conner*, a free woman of color, against *Theophilus Freeman*, by which it was decreed that the plaintiff was entitled to her freedom, and that the defendant emancipate the said plaintiff according to the formalities required by law.

    The president, directors and company of the Bank of Kentucky, alleging themselves to be creditors of the said *Theophilus Freeman*, by virtue of a judgment obtained by them in said court against said *Freeman*, on the 9th of November, 1846, brought their suit against both *Sarah Conner* and *Theophilus Freeman*, for the purpose of annulling this judgment obtained by *Sarah Conner* for her freedom, and subjecting her, as the property of *Freeman*, to execution under their judgment. They obtained a judgment by default, which, on evidence taken, was confirmed. It decreed the judgment of the 6th of May, declaring said *Sarah Conner* to be entitled to her freedom to be null and void, and subjected said *Sarah Conner*, as the slave of *Freeman*, to the plaintiff's execution. After an ineffectual attempt to obtain a new trial in the district court, *Sarah Conner* has appealed.

    There is no evidence that any steps have been taken by the master of *Sarah Conner* to effect her emancipation under the laws of the State; and we express no opinion as to her condition or *status*, but are only called upon to decide on the validity of the judgment appealed from, as it stands between the parties. If the plaintiffs have no right of action, the judgment cannot be sustained. *Perry* v. *Goodwin*, 6 Mass. Rep. 498.

    Article 190 of the Civil Code provides that an enfranchisement made in fraud of creditors is null and void. By art. 1965, the law gives to every creditor, when there is no cession of goods, as well as to the representatives of all the creditors, when there is any such cession, or other proceedings by which they are collectively represented, an action to annul any contract made in fraud of their rights.

BANK OF
KENTUCKY
v.
CONNER.

It appears that, in January, 1844, *Freeman* became insolvent, and subsequently ceded his property to his creditors in the late first judicial district court. The syndic, therefore, of the creditors of *Freeman* is the party competent to institute an action of this kind. By the insolvent acts of 1808 and 1817 judgments confessed by debtors in fraud of creditors may be declared null and void at their instance; and the recourse of the creditors against this alleged fraudulent judgment is direct and obvious, if, in point of fact, it stands in the way of the exercise of their legal rights. But we consider the action by the individual creditors, in this instance, as untenable.

The judgment of the district court is therefore reversed, and the plaintiff's petition dimissed, with costs.