FREDERICK W. TODD & another *vs.* CHARLES F. BARTON & another.

Suffolk. March 8, 1875. COLT & AMES, JJ., absent.

It is within the discretion of a judge, if satisfied that a refusal to grant a continuance upon a suggestion of bankruptcy has worked injustice to the defendant, to grant a review, and to the exercise of his discretion in this respect no exception lies, especially if first taken at the hearing upon the writ.

A defendant who, before judgment against him, has suggested his bankruptcy and filed a written motion for a continuance, may, upon afterwards obtaining a review, plead his discharge in bankruptcy in bar of the action.

WRIT OF REVIEW to reverse a judgment recovered by the defendants in review against the present plaintiffs on a promissory note signed by them. Trial in the Superior Court, before *Dewey*, J., who allowed a bill of exceptions in substance as follows :

The original action was commenced by an actual attachment of the defendants' property, on December 13, 1871, on a writ returnable to the Superior Court for the county of Suffolk, at January term 1872. They gave a bond to dissolve the attachment, and the writ was returned and entered. After an answer to said action was filed, they filed their petition in the District Court of the United States on February 2, 1872, to be declared bankrupts, and on March 2, 1872, suggested their bankruptcy on the records of the Superior Court in the cause, and filed a written motion to continue the cause to await the result of the proceedings in bankruptcy. At April term of the said court, to wit, on June 6, 1872, the cause was called for trial, and the defendants, not being present in court, were defaulted, although the attention of the presiding justice was called to the motion on file. On

June 22 judgment was entered against them, and on June 26
execution issued. It was agreed that at the time of entering
judgment and awarding execution, there was no defence to the
action on the merits, and that these defendants were then entitled
to judgment, unless the cause should have been continued on
account of the suggestion of bankruptcy.

In March, 1873, the defendants obtained their discharge in
bankruptcy, and on June 16, 1873, having obtained leave of the
Superior Court, on petition, brought this writ of review return-
able at July term 1873. At January term 1874, the cause com-
ing on to be heard, the plaintiffs in review moved for leave to file
an additional answer setting up the discharge in bankruptcy
obtained in March, 1873. The defendants in review objected to
the allowance of the amendment, as it would set up a defence in
bar, which did not exist when the original judgment was ren-
dered, but the judge allowed the amended answer to be filed, and
the defendants in review alleged exceptions. The defendants in
review then proved their case as laid in their original declaration,
and rested. The only defence relied upon by the plaintiffs in re-
view was their suggestion of bankruptcy on the record and the
motion for continuance at the time of the default, and the dis-
charge in bankruptcy obtained in March, 1873, which they of-
fered in evidence in bar to the action. The defendants in review
objected to the admission of the discharge in evidence, but the
judge admitted it, and the defendants in review alleged excep-
tions. The plaintiffs in review then rested their case. The de-
fendants in review asked the judge to rule that this discharge was
no bar to their recovery in this action; but the judge being of
opinion that the discharge was a bar, declined so to rule, and
directed a verdict for the plaintiffs in review; and the defendants
n review alleged exceptions.

*W. H. Towne*, for the defendants in review.

No counsel appeared for the plaintiffs in review.

GRAY, C. J. The objection that the writ of review was im-
properly granted is not open. It was within the discretion of the
Superior Court, if satisfied that the refusal of a continuance had
worked injustice to the petitioner, to grant him a review; and
the exercise of its discretion was not subject to exceptions. *Rey-
nard* v. *Brecknell*, 4 Pick. 302, 304. *Boston* v. *Robbins*, 116

Mass. 313. *A fortiori*, no exception having been taken, at the hearing upon the petition, to the order granting a writ of review, the objection to that order could not be first taken at the hearing upon the writ.

It is further contended that the discharge in bankruptcy, having been obtained since the original judgment, could not be pleaded upon the review, because no defence is open on a review which could not have been made to the original action. *Hart* v. *Johnson*, 7 Mass. 472. *Foster* v. *Plummer*, 3 Cush. 381. But the bankruptcy of the defendant was suggested, and a motion for a continuance to await the determination upon the question of his discharge made, in the original action, before judgment. The object of that motion, and its effect, if granted, would have been to enable him to plead his discharge in bankruptcy, when obtained. U. S. St. 1867, *c.* 176, § 11. *Cutter* v. *Evans*, 115 Mass. 27. Pleading that discharge did but perfect the same defence which had been set up in the original action, and was therefore rightly allowed upon the review. *Exceptions overruled.*