BENJAMIN B. WILLIAMS *vs.* JOHN R. WILLIAMS, executor.

Worcester. November 9. — 25, 1881. MORTON & ENDICOTT, JJ., absent.

Under the St. of 1874, c. 184, § 1, providing that all work and labor performed by a married woman for others than her husband and children "shall, unless there is an express agreement on her part to the contrary, be presumed to be on her separate account," a husband cannot, in the absence of evidence of such an agreement, maintain an action for services performed by his wife after the statute took effect, although she began to work for the defendant before the passage of the statute.

CONTRACT against the executor of the will of Marshall Williams, for the services of the plaintiff's wife and minor children from November 21, 1873, to June 27, 1876, the date of the writ.

At the trial in the Superior Court, before *Colburn,* J., the plaintiff put in evidence tending to show that his wife refused to live with him, and that her father, Marshall Williams, persuaded her to live with him as his housekeeper; that she and the children lived with said Marshall during the period above named, and rendered him valuable services; but the plaintiff introduced no evidence of any express contract or agreement between his wife and said Marshall concerning such services.

The defendant put in evidence controverting the evidence of the plaintiff; and contended that, under the St. of 1874, c. 184, the plaintiff could not recover for any services rendered by the wife after that statute took effect, in the absence of evidence of an express agreement that the services were not rendered on her separate account; and the judge so ruled. The jury returned a verdict for the plaintiff in the sum of $1; and the plaintiff alleged exceptions.

*S. Haynes*, for the plaintiff.

*J. H. Dean*, for the defendant.

GRAY, C. J. The provision of the St. of 1874, *c.* 184, § 1, that all work and labor performed by a married woman for others than her husband and children "shall, unless there is an express agreement on her part to the contrary, be presumed to be on her separate account," declares a conclusive presumption of law, which was rightly held to defeat the husband's claim for such services performed by the wife after the statute took effect, in the absence of all evidence of an express agreement under which he had previously acquired any rights, or which would bring the case within the exception of the statute.

*Exceptions overruled.*