JOHN R. WILLIAMS, executor, *vs.* BENJAMIN B. WILLIAMS.

Worcester. Oct. 4. — Dec. 2, 1882. LORD, C. ALLEN & COLBURN, JJ., absent.

A. brought an action of contract against B., who filed an answer containing a general denial, and also filed a declaration in set-off. Subsequently B. was defaulted, and judgment was rendered against him on his default for more than $1000 and costs. He then brought a writ of review, and, upon the trial, A. recovered a verdict of one dollar. *Held*, that, under the Pub. Sts. c. 187, §§ 34, 35, B. was entitled to costs, even if the sum recovered by A. in the original action was reduced by set-off upon the trial on the review.

MORTON, C. J. Benjamin B. Williams brought an action of contract against Marshall Williams; the defendant filed an answer containing a general denial, and also filed a declaration in set-off. Subsequently he was defaulted, and judgment was rendered against him on his default for $1398.83, and costs. Marshall Williams then brought this writ of review, and, upon the trial, Benjamin B. Williams, the original plaintiff, recovered a verdict of one dollar. Upon these facts, the Superior Court rightly ruled that the plaintiff in review was entitled to costs. The whole subject of costs upon writs of review is regulated by the Pub. Sts. c. 187, which is a reënactment and continuation of the provisions of law in force when this action was tried. By § 34, it is provided that "the prevailing party shall recover costs, unless the court in granting the review imposed on the petitioner terms respecting costs." Section 35 provides that, "if the sum recovered by the plaintiff in the original suit for debt or damages is reduced on the review, the original defendant shall have judgment and execution for the difference, with costs."

A review is a new action, and the party who obtains in it a result more favorable to him than that of the original action is the prevailing party. *Williams* v. *Hodge*, 11 Met. 266. *New Haven & Northampton Co.* v. *Northampton*, 102 Mass. 116, 122. By the language of the statute, the plaintiff in review in this case is entitled to his costs, and it does not seem to admit of any other construction.

The defendant in review contends that, as the sum recovered by him in the original suit was reduced by set-off upon the trial on the review, the statute does not apply. We doubt

whether this question is properly before us. It does not appear that the sum established by him was reduced by set-offs, and therefore it does not appear that this question was ruled upon by the Superior Court. The record of the case shows that a large part of his claim was disallowed because he failed to prove it. *Williams* v. *Williams*, 131 Mass. 533. Whether he proved any part of his claim beyond the sum of one dollar, and whether. the amount thus proved was reduced by set-off, does not appear. There is no presumption from the record before us that this was so. The plaintiff in review may have abandoned his set-off, and offered no proof of it. The proper course for the defendant in review was to present the question to the Superior Court, which was cognizant of the course of the trial and of the facts, and obtain a ruling, and, if it was adverse, to file exceptions.

But as both parties have argued the question as the one intended to be presented, we have considered it, and are of opinion that the ground taken by the defendant in review is not tenable.

In other parts of the statutes, careful provision is made as to what shall be the effect upon costs if the plaintiff's claim is reduced by set-offs, it being provided that, although, as the general rule, if a plaintiff brings his action in the Superior Court and recovers a sum as debt or damages not exceeding twenty dollars, he shall recover no costs, yet this rule shall not apply if his claim as established at the trial exceeds twenty dollars, and is reduced to that amount or less by set-offs. Pub. Sts. *c.* 198, §§ 5, 7.

If the Legislature had intended that a similar exception should apply in the statutes we are considering, it would certainly have been expressed. The fact that no such exception is expressed is strong, if not conclusive, evidence that it intended that a reduction of the claim of the original plaintiff by set-offs should have the same result as a reduction in any other mode. It is not unlikely that the Legislature may have deemed the rule it established to be, as intimated in *Williams* v. *Hodge, ubi supra*, a salutary check upon parties who obtain judgment by default, and file their claims in disregard of the counter claims of the other party, as they do this under the penalty of paying costs,

if, upon a review, these counter claims are shown to be justly
due. *Judgment affirmed.*

*G. A. Torrey & S. Haynes*, for the defendant in review.

*J. H. Dean*, for the plaintiff in review.

---

## MEMORANDUM.

On the eighth day of December 1882, the Honorable OTIS P.
LORD resigned the office of justice of this court, which he had
held since the twenty-first day of December 1875.