John Pasche *vs.* George Graham.

Bristol.     October 28, 1901. — November 27, 1901.

Present: Holmes, C. J., Knowlton, Morton, Lathrop, & Barker, JJ.

*Review*, Prevailing party. *Costs*, On review.

Where there has been a judgment for a plaintiff and thereafter a writ of review has been granted to the original defendant who is then allowed to amend by filing a declaration in set-off, which he might have filed in the first stage of the case, after which a judgment is given to the original defendant for a balance in his favor, he is the prevailing party within the meaning of St. 1895, c. 234, § 22, and as such is entitled to costs.

LATHROP, J.  This case comes before us in a most unsatisfactory shape.  The defendant in review has filed a bill of exceptions, which states merely that, in the matter of the taxation of costs, he excepts to the rulings of the judge and to his refusal to rule and find as requested.  This bill was allowed if the defendant was entitled to exceptions.  There is nothing in the bill to show what requests for rulings were made, or what were refused, or what ruling the judge made.  The printed record sets forth certain so called requests for rulings, and the order for judgment; but there is nothing to connect these with the bill of exceptions.  If, however, we consider these so called requests for rulings, an examination shows that they are not requests for rulings, but requests for findings of fact, without anything in the bill of exceptions to support them.

There is also an appeal in the case, but the printed record does not set forth all the proceedings, and, if we were to rely upon this record alone, it would be difficult to understand the case.  We have however examined the copy of the papers furnished the Chief Justice, and these papers, together with the printed record, show the following to be the facts.

On October 24, 1898, George Graham brought an action of contract or tort against John Pasche, in the Second District Court of Bristol.  The declaration contained three counts, the first two in contract and the last in tort for the conversion of certain chattels.  All the counts were alleged to be for the same cause of action.  The answer was a general denial, and subsequently an amended answer was filed, specifically denying the allegations of each count.  On December 16, 1898, Graham obtained judgment against Pasche in the sum of $177.91, and costs.  From this judgment Pasche appealed, but did not file a bond.  He however entered the case in the Superior Court, whence it was dismissed for the reason that no bond had been filed.  He then filed in the District Court a petition for a writ of review of the original action, on the ground that the failure to file a bond was without fault on his part.  The petition was granted on February 13, 1899, and a writ of review ordered to issue.  An appeal was taken to the Superior Court, and the order of the District Court was affirmed, and the case sent back to that court.  The writ issued on April 24, 1899 ; and on May

17, 1899, Pasche was allowed to file a declaration in set-off, in the District Court, declaring on a promissory note, in the sum of $452, and interest, signed by Graham, dated October 20, 1897, and payable in four months from date.   The writ of review was tried in the District Court, and, on July 7, 1899, judgment was entered for Graham in the sum of $176.36, and costs.   From this judgment Pasche appealed to the Superior Court.   In that court, on January 5, 1900, judgment was entered for Pasche in the sum of $19.74, damages, and costs to the amount of $36.93. How the amount of damages was ascertained does not clearly appear, but we presume it is the difference between the sum found due Graham and that found due Pasche.

The only question in the case is whether Pasche was entitled to costs, or, in other words, whether he was the prevailing party, within the meaning of those words in the St. of 1895, c. 234, § 22, which give costs to the prevailing party " unless the court in granting the review otherwise ordered."   It does not appear that the court in granting the review made any order as to costs, and the qualifying terms above cited are unimportant in this case.

The other sections of the St. of 1895, c. 234, which need to be considered in connection with § 22, are §§ 19, 20, 21, 23. While there are many new provisions in the St. of 1895, c. 234, the sections now before us are in the same words as in the Pub. Sts. c. 187, §§ 31–35, except a slight verbal change in § 22 ; and these are the same in substance as the provisions of the Gen. Sts. c. 146, §§ 30–34, and the Rev. Sts. c. 99, §§ 7–14.   The latter were founded in part on the St. of 1788, c. 11, and the St. of 1817, c. 63, which was the first statute allowing an amendment in a writ of review.   Sections 12–14 of the Rev. Sts. c. 99, are new, but it is said by the commissioners in their report : " These sections are in accordance with the established practice ; and are proposed mostly to prevent or remove doubts."   It thus appears that we are not construing new provisions of a statute, but those which have been in force for many years.

The principal contention of Graham is that, as the amendment allowing Pasche to file a claim on the promissory note dated October 20, 1897, could have been filed in the original action, a new issue was presented on the review, and could not be tried ; and that the only issue was whether the original judgment was

correct; and this should be determined on the pleadings in the original action, an issue of fact having been joined there.    In support of this view, Graham has cited the case of *Hart* v. *Johnson*, 7 Mass. 472; and there are other early Massachusetts cases to the same effect.    See *Dudley* v. *Sumner*, 5 Mass. 438, 488; *Perry* v. *Goodwin*, 6 Mass. 498.    But all these cases were decided under the St. of 1786, c. 66, which, following earlier colonial laws, gave a review, as a matter of right, at any time within two years, to any person aggrieved by a judgment, provided there had been only one verdict against him.    This act however provided "and there shall be no further pleadings."    This act was repealed by the St. of 1817, c. 85; and by the St. of 1817, c. 63, "any amendment of the original writ, record or proceedings" was allowed.

Section 19 of the St. of 1895, c. 234, re-enacting the law which has been in force since the Revised Statutes, while it provides, "If an issue of fact was joined in the original suit the case shall be tried on the review upon the same issue," clearly allows the pleadings to be amended, and further provides: "and if a different issue is joined in consequence of such amendments the cause shall be tried upon such new issue."

We find nothing in the case of *Foster* v. *Plummer*, 3 Cush. 381, or in that of *Todd* v. *Barton*, 117 Mass. 291, which sustains the contention of the counsel for Graham that because the declaration in set-off upon the promissory note could have been filed in the original action, therefore the pleadings in that action could not be amended on a writ of review.    The point decided in *Foster* v. *Plummer* was that a discharge in insolvency obtained by the original defendant after the issuing of a writ of review, in pursuance of proceedings begun since the rendition of the original judgment against him, was not available in defence. It was said by Chief Justice Shaw, after referring to the statute allowing amendments: "But we think such new pleadings and evidence must be confined to cases, where such amendments and evidence would have been allowed in the original suit."    It was further said that a release of the original judgment might stand on a different footing, but that a discharge under the insolvent law did not extinguish the judgment, but only barred the remedy by action.

The point decided in *Todd* v. *Barton,* was that, if a suggestion of bankruptcy and a motion for a continuance was made in the original action, and the continuance refused, it was in the discretion of the court to grant a writ of review.

Under the rule laid down by Chief Justice Shaw, above cited, the court had power to allow Pasche to file an amendment of the pleadings in the original action, and he stands in the same position as if he had, in the original action, filed a declaration in set-off. This being so, he is clearly the prevailing party, and is entitled to his costs. *Williams* v. *Williams,* 133 Mass. 587. See also *Williams* v. *Hodge,* 11 Met. 266 ; *New Haven & Northampton Co.* v. *Northampton,* 102 Mass. 116, 122, per *Gray,* J.

The result is that the exceptions must be overruled, and the judgment of the Superior Court affirmed.

*So ordered.*

*S. W. Ashton,* for the defendant.
*E. Higginson,* for the plaintiff.