AMERICAN WOOD WORKING MACHINERY COMPANY *vs.*
WILBUR P. FURBUSH.

Suffolk.   November 16, 1906. — January 2, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Bankruptcy.   Practice, Civil,* Entry of judgment, Default, Continuance.   *Words,* "Ripe for judgment."

The provisions of the bankruptcy act of 1898, c. 541, § 11, in regard to the staying of pending suits against a bankrupt founded on claims to which a discharge would be a release, require the court to grant a continuance in cases within the

terms of the act, unlike the corresponding provisions of the insolvency act which leave the granting of a continuance to the discretion of the court.

When the last entries in the record of an action are a suggestion by the defendant of his bankruptcy and a motion for a continuance founded thereon, under the bankruptcy act of 1898 the case is not ripe for judgment until the motion is passed upon by the court.

The fact that a defendant has been defaulted does not deprive him of the right to file a motion for a continuance based on a suggestion of his bankruptcy and to have such motion heard.

CONTRACT upon a promissory note. Writ in the Municipal Court of the City of Boston dated May 18, 1905.

On appeal to the Superior Court the defendant was defaulted, and, after the proceedings and motions which are stated in the opinion, *Gaskill*, J. refused to make certain rulings and ordered that the case be continued as there stated. The plaintiff alleged exceptions.

*H. Dunham*, for the plaintiff.

*D. D. Corcoran*, for the defendant, submitted a brief.

KNOWLTON, C. J.   On October 12, 1905, the defendant was defaulted, and the next day all papers necessary to make up the judgment were filed in the case. On November 2 the defendant filed a motion for continuance on the ground of his bankruptcy; on Monday, November 6, at half past ten o'clock in the forenoon, this motion was granted by the court. On the same day, at what hour in the day the bill of exceptions does not show, a judgment for the plaintiff was entered by the clerk, under the standing order of the court. Subsequently the plaintiff's counsel filed a motion to dismiss the motion for continuance which had been allowed, and, upon hearing, the motion to dismiss was disallowed, and the motion to continue was allowed as of November 2, 1905, that being the intention of the court by the order of November 6. The plaintiff excepted to the refusal of the court to rule that it "had no jurisdiction to grant a continuance of said action" and that the defendant had "no standing in court to make a motion for continuance."

If judgment was wrongly rendered under the general order because the case was not ripe for judgment, the motion for a continuance was rightly granted, and it is unnecessary to consider whether the order of the court might not be sustained on other grounds.

The United States bankruptcy act of 1898, c. 541, § 11, is as follows: "A suit which is founded upon a claim from which a discharge would be a release, and which is pending against a person at the time of the filing of a petition against him, shall be stayed until after an adjudication or the dismissal of the petition; if such person is adjudged a bankrupt, such action may be further stayed until twelve months after the date of such adjudication, or, if within that time such person applies for a discharge, then until the question of such discharge is determined." Unlike our statutes in regard to insolvency, this act does not leave the continuance of a case upon the application of the bankrupt defendant therefor to the discretion of the court, but it requires the court to grant the continuance. In this respect the case differs from *Dalton-Ingersoll Co.* v. *Fiske,* 175 Mass. 15, relied on by the plaintiff. See *Sullings* v. *Ginn,* 131 Mass. 479. It also differs from that case in another important particular. Something had intervened between the default and the entry of judgment under the general order, namely, the suggestion of bankruptcy and the motion for a continuance founded upon it. As was said in that case, under such circumstances it may well be said that a case is not ripe for judgment. See also *Norcross* v. *Crabtree,* 161 Mass. 55 ; *Gilchrist* v. *Cowley,* 181 Mass. 290. There has been some difference in the statements as to when a case is ripe for judgment, within the meaning of the rule of the Superior Court. See, besides the above cases, *Hosmer* v. *Hoitt,* 161 Mass. 173; *Somerville* v. *Fiske,* 137 Mass. 91 ; *Dunbar* v. *Baker,* 104 Mass. 211. It may be difficult to give a definition of the term "ripe for judgment," applicable to all cases ; but in general we may say that it is when, under the last entry, the case seems to have been brought to a final determination, and everything seems to have been done that ought to be done before the entry of a final adjudication upon the rights of the parties. When the last entry is a suggestion by the defendant of his bankruptcy, and a motion for a continuance founded on this fact, it is evident, under the present bankruptcy act, that judgment should not be entered until the motion is passed upon by the court. We do not think that the fact that a defendant is under a default deprives him of the right to file such a motion and have it heard. The filing of the

motion itself is, in substance, a motion to take off the default, so far as to enable the defendant to be heard on the question whether the case shall go to judgment or be continued to enable him to obtain and plead a discharge. The present case was not ripe for judgment at the time of the entry under the general order.

*Exceptions overruled.*