LYNN GAS AND ELECTRIC COMPANY *vs.* CREDITORS NATIONAL CLEARING HOUSE.

Suffolk.    January 14, 1920. — February 26, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, CARROLL, & JENNEY, JJ.

*Municipal Court of the City of Boston,* Appellate Division. *Writ of Review. Jurisdiction.*

The right of appeal to the Superior Court from a judgment entered in the Municipal Court of the City of Boston in an action which was brought there by compulsion of law and not by election was not affected by the provisions of St. 1912, c. 649, § 2, as amended by St. 1914, c. 35, § 2; c. 409.

The jurisdiction of the Appellate Division of the Municipal Court of the City of Boston, conferred by St. 1912, c. 649, § 8, as amended by St. 1914, c. 35, § 3, extends only to actions in which there is no right of appeal to the Superior Court.

A writ of review is a new proceeding and not merely a new hearing upon an existing proceeding.

A ruling upon a matter of law by a judge of the Municipal Court of the City of Boston in a writ of review in the Municipal Court of the City of Boston is not subject to report to the Appellate Division.

WRIT OF REVIEW, issued from the Municipal Court of the City of Boston on May 16, 1917, to review a judgment of $79.20, damages, and $16.78, costs, entered in that court on January 26, 1917.

In the Municipal Court the judge found for the plaintiff in review and, at the request of the defendant in review, reported the case to the Appellate Division, who discharged the report "for want of jurisdiction." The defendant in review appealed.

*W. H. S. Kollmyer,* for the defendant in review.

*H. A. Bowen,* for the plaintiff in review.

RUGG, C. J. This is a writ of review brought in the Municipal Court of the City of Boston. The judgment sought to be reviewed was entered in favor of the defendant in review, who was the plaintiff in an action of contract. Upon the trial of the writ of review the judge found for the plaintiff in review and at the request of the defendant in review reported certain questions of law to the Appellate Division of the Municipal Court, where the report was discharged for want of jurisdiction on the ground that appeal

should have been taken to the Superior Court. The question presented is whether that ruling was correct.

The writ of review of necessity must be brought in the court in which the judgment to be reviewed was rendered. R. L. c. 193, § 22. *Yetten* v. *Conroy*, 165 Mass. 238. The plaintiff in review had no choice of court. He was compelled to resort to the Municipal Court of the City of Boston because in that court was rendered the judgment to be reviewed. It is provided by St. 1912, c. 649, § 2, as amended by St. 1914, c. 35, § 2, and c. 409, that "If, after this act takes effect, a party elects to bring in said Municipal Court of the City of Boston any action or other civil proceeding which he might have begun in the Superior Court, he shall be deemed to have waived a trial by jury and his right of appeal to the Superior Court." It is provided by § 3 of St. 1912, c. 649, that "No other party to such action shall be entitled to an appeal," but right is given to remove the case to the Superior Court for trial by jury under stated conditions. The words "such action" in this connection clearly mean the "action or other civil proceeding which" under the preceding section might at the election of the plaintiff have been brought in the Superior Court. These two sections leave unaffected the right of appeal from judgments of the Municipal Court of the City of Boston, given by R. L. c. 173, § 97, as amended by St. 1910, c. 534, § 1, in all cases where by compulsion of law and not by election the plaintiff brings his action or proceeding in the Municipal Court of the City of Boston. These two sections abolish the right of appeal from a judgment of the Municipal Court of the City of Boston to the Superior Court only as to such cases as the plaintiff might have elected to bring first in the Superior Court. They do not affect the right of appeal in other cases.

Provision is made in § 8 of the act, as amended by St. 1914, c. 35, § 3, for an appellate division of the Municipal Court of the City of Boston. In that section occur these words: "Any party to a cause brought in said court after this act takes effect, who is aggrieved by any ruling on a matter of law by a single justice, may, as of right, have the ruling reported for determination by the appellate division when the cause is otherwise ripe for judgment, or sooner by consent of the justice hearing the same." While the words of § 8, authorizing report to the Appellate Division, standing

alone, are broad enough to cover every ruling of law made by a judge, they must be read in connection with §§ 2 and 3 as amended. So read in that context they are confined to such actions as the plaintiff might have elected to bring in the Superior Court but did choose to bring in the Municipal Court of the City of Boston. The jurisdiction of the Appellate Division under § 8 extends only to cases in which there is no right of appeal to the Superior Court. That is manifest from a consideration of the general purpose of said c. 649, which is to prevent multiplicity of trials and to simplify procedure, and not to afford cumulative reviews and appeals.

The fundamental inquiry in the case at bar, therefore, is whether the writ of review is an "action or other civil proceeding" which has an independent beginning and is separate and distinct from the action in which is the judgment to be reviewed, or whether it is a step of practice in the action to be reviewed. If it is the latter, there is no right of appeal, or removal at this stage, to the Superior Court and the only remedy for the correction of errors made by a single judge is by report to the Appellate Division of the Municipal Court. *Universal Optical Corp.* v. *Globe Optical Co.* 228 Mass. 84. If it is the former, then it is an "action or other civil proceeding" as to the bringing of which in the Municipal Court of the City of Boston the plaintiff had no election but was under compulsion of law to institute in that court, and appeal lies to the Superior Court.

In this connection the point to be decided is whether the writ of review is a new and separate action or whether with the original action it constitutes one continuous and single proceeding. "A short statement of this singular process" known as a writ of review, as it was developed in 1811, is found in *Swett* v. *Sullivan,* 7 Mass. 342, at page 346, in these words: "The writ of review in civil actions is provided by statute, to correct errors in judgments rendered on verdicts, and is unknown at the common law. Either party, . . . may sue his writ of review as of right, returnable to this court, from which it must issue, to correct the errors in fact of the judgment rendered on verdict. Upon the return of the writ, the whole cause is subject to revision on the former pleadings, and no amendments can be made, or any new issues joined; and the jury may find their verdict for the original defendant, or for the original plaintiff, with greater or less damages than he recovered

at the former trial, whichever party shall sue the writ of review. By comparing the two verdicts, the error of the former verdict, if any, is apparent; and this error will be corrected by the judgment on the review." It is manifest that a process thus described is a new proceeding and not merely a new hearing upon an existing proceeding. While in appropriate instances the old judgment may be changed or modified, this does not happen in all cases and the error of the old judgment which stands unimpaired in many instances, as where the execution has been satisfied, is corrected by the judgment in the new action. In *Ely* v. *Forward,* 7 Mass. 25, it was held that an indorser for costs on the original writ in the action sought to be reviewed, was a competent witness upon the trial of the review. This result, in the condition of the law at that time respecting the disqualification of witnesses by reason of interest, could have been reached only on the theory that the review was a new and distinct proceeding and not a continuation of the old action. In *Thayer* v. *Goddard,* 19 Pick. 60, it was said that the ground of decision in *Ely* v. *Forward,* 7 Mass. 25, "was, that the writ of review was an original suit." It was stated by Chief Justice Shaw in *Davenport* v. *Holland,* 2 Cush. 1, at page 11, that "The only judgment which can be given, on a petition for review, is, that a writ of review shall or shall not be granted; and such judgment is therefore final. . . . If a writ of review is granted, it is a new process to be sued out and served like other original writs, and upon which the parties are again brought into court, and further proceedings had." Said Chief Justice Morton in *Williams* v. *Williams,* 133 Mass. 587, "A review is a new action, and the party who obtains in it a result more favorable to him than that of the original action is the prevailing party."

A writ of review was described by Mr. Justice Knowlton in *Clarke* v. *Bacall,* 171 Mass. 292, "as a separate suit." In *Johnson* v. *Wetherbee,* 3 Pick. 247, *Burrell* v. *Burrell,* 10 Mass. 221, 223, and *Yetten* v. *Conroy,* 165 Mass. 238, are expressions which indicate an underlying assumption that the writ of review is a suit separate and distinct from the proceeding reviewed. While a "review, under our statutes, is equivalent to a new trial after judgment" *Safford* v. *Knight,* 117 Mass. 281, 284, such new trial is had under a new process and not by simply reopening the previous action for further hearing.

It has been held in other jurisdictions that a writ of review is a new proceeding and not a mere continuation of the earlier action. *Badger* v. *Gilmore,* 37 N. H. 457. *Page* v. *Brewster,* 58 N. H. 126, and cases there cited. *McDonough* v. *Blossom,* 111 Maine, 66, 70. So far as we are aware, there are no decisions to the contrary.

It follows from these authorities that a writ of review is a new action and not a further step in the former action.

The writ of review is an action singular in its nature. Under it the powers of the court are exceedingly broad. It may enter almost any judgment required by the rights of the parties. *Fuller* v. *Storer,* 111 Mass. 281. Its effect may be to equalize the error in the original action, judgment in which may stand unaffected. Where execution has been issued and has been satisfied in full, manifestly the first action is conclusively ended. The only course open is to correct its errors by a new judgment.

The review must be of the original action. There may be amendments of pleadings. In some aspects the two actions may be so closely connected as to be inseparable. *See Jackson* v. *Gould,* 74 Maine, 564, 575. Nevertheless, the review is not a further step in the original action.

It appears to have been customary in appropriate cases to try issues of fact raised on a writ of review to a jury. *Perry* v. *Goodwin,* 6 Mass. 498. *Hart* v. *Johnson,* 7 Mass. 472. *Williams* v. *Hodge,* 11 Met. 266. The conclusion here reached, however, is not based in any respect upon constitutional considerations. Whether right to trial by jury is secured by fundamental law need not be considered.

The writ of review, being a new action or proceeding, was not brought in the Municipal Court by election or choice of the plaintiff but by compulsion of law, and hence was not subject to report to the Appellate Division. The remedy for correction of alleged errors was by appeal to the Superior Court.

*Order discharging report for want of jurisdiction affirmed.*