LYNN GAS AND ELECTRIC COMPANY *vs.* CREDITORS NATIONAL CLEARING HOUSE, INCORPORATED.

Suffolk.  January 13, 1921. — March 2, 1921.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & JENNEY, JJ.

*Judgment. Municipal Court of the City of Boston. Words,* "Ripe for judgment."

After the hearing in the Municipal Court of the City of Boston of a writ of review, the judge found for the plaintiff in review and at the request of the defendant reported the case to the Appellate Division. The defendant did not appeal to the Superior Court. The Appellate Division dismissed the report for want of jurisdiction, and the defendant appealed to this court, who decided that the Appellate Division was without jurisdiction and that the acts of the trial judge in such proceedings could be reviewed only by an appeal to the Superior Court. A judgment was entered in the Municipal Court for the first time one week after the receipt of the rescript from this court, and the defendant then appealed to the Superior Court. Upon a writ of error assigning as error that judgment should not have been so delayed in the Municipal Court, and that the appeal to the Superior Court was too late, it was *held,* that

(1) The pendency of the report of the trial judge in the circumstances prevented the case becoming "ripe for judgment" in the Municipal Court under R. L. c. 177, § 2;

(2) The case did not become ripe for judgment in the Municipal Court until after the rescript from this court;

(3) The judgment entered in the Municipal Court the week following the rescript from this court was entered rightly.

Where by an attempted review a genuine question of law appears upon the record to have been raised in proper form, which was recognized as such by the trial judge and is not so manifestly frivolous, insubstantial, obstructive of justice and wanting in jurisdictional elements as to be unworthy of consideration, the statute as to the automatic entry of judgments is not applicable even though ultimately it may be decided that the method resorted to for review of the decision complained of was by invoking a tribunal without jurisdiction in the premises, and that, so far as such attempted review was concerned, the case must finally stand upon that decision unaffected in its integrity.

WRIT OF ERROR, issued on May 6, 1920, upon petition of the plaintiff in an action at law in the Municipal Court of the City of Boston. The error alleged is described in the opinion.

The defendant answered that no error had been committed. The substance of the facts shown by the record of the Municipal Court is described in the opinion.

*H. A. Bowen,* for the plaintiff in error.

*W. H. S. Kollmyer,* for the defendant in error.

RUGG, C. J. This is a petition for a writ of error. The writ of error and writ of *scire facias* issued, the defendant pleaded that there was no error of law on the record, and thus the case is before us. *Perkins* v. *Bangs,* 206 Mass. 408.

The pertinent facts are these: Upon petition or the plaintiff a writ of review issued in the Municipal Court of the City of Boston. After hearing a finding was made for the plaintiff in review. The case then was reported to the Appellate Division and came to this court on appeal. It was held that the Appellate Division was without jurisdiction to hear such a proceeding on report and that the action of the trial judge could be reviewed only by appeal to the Superior Court. 235 Mass. 114. No judgment was in fact entered on the record in the Municipal Court until after receipt on February 27, 1920, of the rescript from this court affirming the order of the Appellate Division discharging the report for want of jurisdiction. On March 5, 1920, judgment actually was entered on the record and the defendant filed an appeal to the Superior Court, which was recognized by the Municipal Court, papers have been transmitted to the Superior Court and the case appears as pending on the docket of the latter court.

The error alleged is that, since there was no intervening order to stay judgment, and since the Appellate Division had no jurisdiction to consider the report, the case was ripe for judgment and

actually went to judgment automatically on the Friday following the date of the decision of the judge of first instance, under R. L. c. 177, § 2: "Judgment in civil actions and proceedings ripe for judgment in . . . municipal courts shall be entered at ten o'clock in the forenoon on Friday of each week . . ." (G. L. c. 235, § 2), and that therefore the entry of judgment on March 5, 1920, and the subsequent appeal to the Superior Court were without warrant in law and void.

It is not easy to give a universally applicable definition of the term "ripe for judgment" as used in the statute. It has been said in general to be "when, under the last entry, the case seems to have been brought to a final determination, and everything seems to have been done that ought to be done before the entry of a final adjudication upon the rights of the parties." *American Wood Working Machinery Co.* v. *Furbush,* 193 Mass. 455, 457. In the application of this rule numerous cases have been held ripe for judgment although some matter remained on the surface of the record undisposed of. *Dunbar* v. *Baker,* 104 Mass. 211. *Somerville* v. *Fiske,* 137 Mass. 91. *Dalton-Ingersoll Co.* v. *Fiske,* 175 Mass. 15, 22. *Wallace* v. *Boston Elevated Railway,* 194 Mass. 328, 333. *Boston Bar Association* v. *Casey,* 227 Mass. 46, 51. It is not necessary to review these decisions. Their soundness is not open to question. No one of them is applicable in principle to the case at bar. Here a question of substance had been raised at the trial. The judge who heard the case had recognized it as deserving consideration and seemingly regarded the Appellate Division as clothed with power to examine and adjudicate concerning the alleged error. All this is inferable from his making a report of the case. The point whether the Appellate Division had jurisdiction of the report was novel and deserved serious attention. Apparently that point was not mooted before the trial judge. Where a genuine question of law appears upon the record to have been raised in proper form and has been recognized as such by the judge and is not so manifestly frivolous, insubstantial, obstructive of justice and wanting in jurisdictional elements as not to be worthy of consideration, the statute as to the automatic entry of judgments is not applicable even though ultimately it may be decided that the method of seeking review of the decision complained of was by invoking a tribunal without juris-

diction in the premises, and that hence the case must finally stand upon that decision unaffected in its integrity by the attempted review. The raising of such a question on the record under such circumstances prevents the case from being "ripe for judgment" in the sense in which those words are used in R. L. c. 177, § 2. The case at bar is within the scope of *Norcross* v. *Crabtree*, 161 Mass. 55, and *American Wood Working Machinery Co.* v. *Furbush*, 193 Mass. 455.

It follows that judgment was not entered automatically in April, 1919, because of the pendency of the report made by the judge of first instance, and that the case was not ripe for judgment under the statute until after rescript from this court in February, 1920. The judgment of March 5, 1920, was entered rightly.

*Judgment affirmed.*