HOME FINANCE TRUST *vs.* RANTOUL GARAGE COMPANY.

Essex.    December 7, 1937. — March 29, 1938.

Present: RUGG, C.J., FIELD, LUMMUS, QUA, & COX, JJ.

*Review, Writ of. Practice, Civil,* Appellate Division: jurisdiction; Appeal; Judgment. *Words,* "Ripe for judgment."

By G. L. (Ter. Ed.) c. 231, § 97, errors of law at the hearing of a writ of review in a district court can be corrected only by appeal to the Superior Court; the Appellate Division has no jurisdiction.

After a finding in a district court on a writ of review, the case, by G. L. (Ter. Ed.) c. 235, § 2, Rule 37 of the District Courts (1932), was ripe for and automatically went to judgment on the following Friday without formal entry on the docket, notwithstanding futile proceedings for several months thereafter for a report to the Appellate Division, followed by formal entry of judgment.

WRIT OF REVIEW in the First District Court of Essex dated October 4, 1934.

An appeal to the Superior Court by the defendant was dismissed by *Gray*, J. The defendant alleged an exception.

*T. A. Henry*, for the defendant.

*W. E. Sisk*, for the plaintiff.

RUGG, C.J. This writ of review comes before us on a bill of exceptions filed by the defendant in the Superior Court to the allowance of a motion to dismiss an appeal taken by the defendant from a judgment in favor of the plaintiff.

It is necessary under our statute that a writ of review be brought in the court in which the judgment to be reviewed was rendered. The plaintiff in review has no choice of court. G. L. (Ter. Ed.) c. 250, § 22. *Lynn Gas & Electric Co.* v. *Creditors National Clearing House,* 235 Mass. 114. It is a separate proceeding from the action sought to be reviewed. *Clarke* v. *Bacall,* 171 Mass. 292. The case sought to be reviewed by the present proceeding was brought in a district court in Essex County. The docket entries in that court so far as here material are, in substance, that on April 30, 1936, the judge who heard the writ of review filed rulings and findings for the plaintiff for $7,058.89 with costs. Notice thereof was mailed to the attorneys. On May 2, 1936, there was filed "exception" to the denial of the defendant's motion for judgment. On May 4, 1936, the defendant filed a request for report. On May 6, 1936, the defendant's motion to extend time for filing a draft report was allowed. The draft report was filed by the defendant on May 20, 1936. On the following day the defendant requested hearing on the draft report; hearings were held on November 23–30, 1936; and on December 3, 1936, the defendant's request for report was disallowed. Judgment for the plaintiff was entered on the docket on December 4, 1936, in accordance with the rulings and findings of April 30, 1936. On December 5, 1936, the defendant's claim of appeal was filed. The plaintiff filed in the Superior Court a motion to dismiss this appeal on the grounds (1) that "said appeal was claimed too late, judgment for the plaintiff having been entered before said appeal was claimed," and (2) that "the District Court had no jurisdiction to entertain said claim of appeal." That motion was allowed on February 9, 1937. The exception of the defendant to the allowance of that motion brings the case here.

The proceedings in the District Court set out in the docket entries beginning with May 4, 1936, were a nullity. They were all directed toward having the case reported for decision by the Appellate Division of the District Court. There can be no report to the Appellate Division of a writ

of review. The Appellate Division has no jurisdiction in the premises. The established method to correct errors in a writ of review in a district court is by appeal to the Superior Court. That question has been settled and is no longer open to doubt. G. L. (Ter. Ed.) c. 231, § 97. *Lynn Gas & Electric Co.* v. *Creditors National Clearing House,* 235 Mass. 114; *S. C.* 237 Mass. 505. Those proceedings were of no avail to the defendant. They did not suspend the operation of the entry of an automatic judgment under the statute.

It is provided by G. L. (Ter. Ed.) c. 235, § 2: "Judgment in civil actions and proceedings ripe for judgment in district courts shall be entered at ten o'clock in the forenoon on Friday of each week, but if a legal holiday occurs on Friday, at ten o'clock in the forenoon of the Thursday preceding; or it may be entered at any time in a case ripe for judgment upon notice and motion." It is also provided by Rule 37 of the District Courts (1932): "Judgment in civil actions and proceedings ripe for judgment shall be entered by the clerk, unless the party entitled thereto otherwise requests in writing and the Court otherwise orders, in accordance with Gen. Laws, Ch. 235, sec. 2." Those proceedings subsequent to May 8, 1936, raised no question of law. They constituted insubstantial matter on the surface of the record. An action or proceeding shall not be ripe for judgment until the time for filing a draft report has expired nor until the time for claim of appeal has expired. G. L. (Ter. Ed.) c. 231, § 97. Under these provisions the case at bar went to judgment automatically not later than May 8, 1936. The defendant did not claim its appeal within the time thus limited.

It is not easy to give a definition of the term "ripe for judgment" as used in G. L. (Ter. Ed.) c. 235, § 2. "It has been said in general to be 'when, under the last entry, the case seems to have been brought to a final determination, and everything seems to have been done that ought to be done before the entry of a final adjudication upon the rights of the parties.' *American Wood Working Machinery Co.* v. *Furbush,* 193 Mass. 455, 457. In the application of

this rule numerous cases have been held ripe for judgment although some matter remained on the surface of the record undisposed of. *Dunbar* v. *Baker,* 104 Mass. 211. *Somerville* v. *Fiske,* 137 Mass. 91. *Dalton-Ingersoll Co.* v. *Fiske,* 175 Mass. 15, 22. *Wallace* v. *Boston Elevated Railway,* 194 Mass. 328, 333. *Boston Bar Association* v. *Casey,* 227 Mass. 46, 51." *Lynn Gas & Electric Co.* v. *Creditors National Clearing House, Inc.* 237 Mass. 505, 507. *Mann* v. *Rudnick,* 294 Mass. 353, 354–355. The case at bar is distinguishable from cases like *Norcross* v. *Crabtree,* 161 Mass. 55, *Gilchrist* v. *Cowley,* 181 Mass. 290, *American Wood Working Machinery Co.* v. *Furbush,* 193 Mass. 455, and *Patrick* v. *Dunbar,* 294 Mass. 101, 102, in all of which some matter of substance had been placed on the record which suspended the automatic entry of judgment.

By the filing on April 30, 1936, of the rulings and findings of the trial judge in favor of the plaintiff, the case at bar was brought to a final determination and everything had been done that ought to be done before the entry of a final adjudication. There could be no review by the Appellate Division. If there was any error in those rulings and findings it could not be corrected through the Appellate Division. The only course for correction of error, if there was any, was by appeal to the Superior Court. *Lynn Gas & Electric Co.* v. *Creditors National Clearing House,* 235 Mass. 114; *S. C.* 237 Mass. 505. The defendant took no steps to correct error in that way until December, which was long after the case had gone to judgment automatically in May. The case was ripe for judgment and went to judgment automatically not later than May 8, 1936. It went to judgment then although the clerk failed to make any entry to that effect. *Cohen* v. *Industrial Bank & Trust Co.* 274 Mass. 498, 504, and cases cited. *Kelly* v. *Foley,* 284 Mass. 503, 506.

*Exceptions overruled.*