JAMES T. HACKING vs. COÖRDINATOR OF THE EMERGENCY RELIEF DEPARTMENT OF NEW BEDFORD.

Bristol.    January 28, 1943. — March 30, 1943.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & COX, JJ.

*Practice, Civil,* Exceptions: filing; Report; Entry of judgment.

A purported bill of exceptions which was seasonably filed but which contained no allegation of an exception saved, where no exception had in fact been saved, was a nullity and did not prevent the case becoming ripe for judgment under Rule 79 of the Superior Court (1932) and going to judgment at the time therein specified.

The fact that a clerk of courts had not recorded a judgment in a case ripe for judgment under Rule 79 of the Superior Court (1932) did not prevent the case going to judgment at the time specified in the rule.

A judge of the Superior Court had no power to report a case for determination by this court after a date when the case, being ripe for judgment under Rule 79 of the Superior Court (1932), had gone to judgment.

PETITION, filed in the Superior Court on July 30, 1941, for a writ of mandamus.

The case was heard by *Baker,* J., and in this court was submitted on briefs.

*F. Vera,* for the petitioner.

*J. B. Nunes,* City Solicitor, & *W. B. Perry, Jr.,* for the respondent.

COX, J.   James T. Hacking brought a petition for a writ of mandamus against Hector Hainault, coördinator of the emergency relief department of New Bedford, to compel the petitioner's reinstatement in the classified "public" service of the city of New Bedford.   The bill of exceptions states that a judge of the Superior Court, on November 24, "1942," filed his findings, rulings and an order that the writ issue commanding Hainault to reinstate Hacking to the position from which it was alleged he had been removed, and that a copy of these findings, rulings and order was received by each counsel on November 25, 1941.   From the docket entries, however, it appears that the findings, rulings and order were

filed on November 24, 1941, and not 1942. Hainault had seasonably presented certain requests for rulings, some of which were denied by the judge in his findings, rulings and order. No claim of exceptions was ever filed by Hainault in compliance with Rule 72 of the Superior Court (1932) to the denial of any of his requests for rulings, nor did he file any claim of exceptions to the findings, rulings and order that were filed on November 24, 1941.

Hainault, on December 10, 1941, through a representative of his counsel and in the presence of Hacking's counsel, conferred with the trial judge and stated that through inadvertence Hainault's counsel had failed to file a claim of exceptions within the time provided by the rules, and orally requested the judge to report the case to this court. The judge inquired if it were possible to adjust the case and was informed that there had been talk of settlement, whereupon he suggested that the parties continue to confer, and, if a settlement could not be agreed upon, he "would then consider the question of whether he would or would not report the case" to this court. The representative of Hainault's counsel stated that the case would soon be ripe for judgment if nothing was done by way of "filing any papers in the Clerk's Office." "Defendant's [respondent's] counsel stated that he would file a bill of exceptions," and on December 15, 1941, a document entitled "Bill of Exceptions of . . . Hainault" was filed and notice thereof given to Hacking's attorney.

The alleged bill of exceptions recites that Hainault filed requests for rulings, but contains no allegation that any exceptions ever were claimed. On January 8, 1942, the trial judge was informed by counsel that no settlement of the case was possible, and he "advised" counsel that he "would report" the case and directed the respondent to file a draft report. At that time no exception was taken by the petitioner to this. On January 27, 1942, a "Draft Report" was filed. At a conference held on March 26, 1942, the trial judge directed Hainault's counsel to redraft the report and submit it to Hacking's counsel for his approval and then present it for the judge's signature. On April 13, 1942, the

report was completed and presented to Hacking's counsel, who approved its form and contents, but notified the judge that he objected to his reporting the case for the reason that it had gone to judgment, although the clerk had not made an entry of judgment on the docket. Thereupon the judge assigned the matter for hearing on April 21, 1942. A motion filed on that date to dismiss the "purported" bill of exceptions was allowed on May 13, 1942. A motion, also filed on April 21, 1942, for the completion of record "by entering judgment for the plaintiff [petitioner] as of December 22, 1941 and by issuing the writ of mandamus," was denied on May 13, 1942, as was a motion to dismiss the report that was filed on January 27, 1942. Hacking seasonably filed his exceptions to the denial of these motions. On May 13, 1942, the judge, "at the request of . . . [Hainault] previously made reported the case" to this court, and Hacking seasonably filed his "exception to ruling allowing the defendant's [respondent's] request to report the case," and "his exceptions to the Court's reporting the case."

Hainault concedes that if he had done nothing after November 24, 1941, the date on which the judge's order was filed, the case would have gone to judgment on December 22, 1941. He also concedes, for the "sake of argument," that the bill of exceptions was filed for the sole purpose of holding up judgment pending consideration by the judge of the question of the respondent's request for a report of the case. It is apparent from the record that none of the parties concerned, including the judge, ever entertained a thought even that the bill of exceptions had any standing whatever.

Rule 79 of the Superior Court (1932) provides, as far as material, that "Judgment in civil actions and proceedings ripe for judgment shall be entered by the clerk, unless the party entitled thereto otherwise requests in writing or the court otherwise orders, at ten o'clock in the forenoon, on Monday of each week. . . . An action or proceeding shall not be ripe for judgment until the time for filing exceptions has expired; nor while a case is reserved for report; nor until the time for claiming appeal has expired. . . ." Rule 72 of the Superior Court (1932) provides, as far as material,

that "Exceptions to any . . . opinion, ruling, direction or judgment made in the absence of counsel shall be taken by a writing filed with the clerk within three days after the receipt from the clerk of notice thereof." General Laws (Ter. Ed.) c. 231, § 113, provides, as far as material, that "exceptions shall be reduced to writing in a summary manner and filed with the clerk . . . in cases tried without a jury, within twenty days after the notice of the decision has been received, unless further time is allowed by the court" (see Rule 73 of the Superior Court [1932]), and § 96 of said chapter provides, in part, that "An appeal from an order of the superior court shall be claimed within twenty days after it is made . . . ." In the case at bar, which comes to this court by way of purported report, there was no reservation for a report until January 8, 1942. It is not open to contention that there was any such reservation on December 10, 1941. The suggestion of the judge at that time that, if a settlement could not be agreed upon, he "would then consider the question of whether he would or would not report the case," did not amount to a reservation of the case for a report. Compare *Porter* v. *Boston Storage Warehouse Co.* 238 Mass. 298, 301. Hainault concedes that if the purported bill of exceptions filed on December 15, 1941, had not been filed, the case would have gone to judgment on December 22, 1941. The important question for determination is whether the filing of that bill of exceptions prevented the case from going to judgment on December 22.

"It is not easy to give a definition of the term 'ripe for judgment' as used in G. L. (Ter. Ed.) c. 235, § 2. 'It has been said in general to be "when, under the last entry, the case seems to have been brought to a final determination, and everything seems to have been done that ought to be done before the entry of a final adjudication upon the rights of the parties." *American Wood Working Machinery Co.* v. *Furbush*, 193 Mass. 455, 457. In the application of this rule numerous cases have been held ripe for judgment although some matter remained on the surface of the record undisposed of.'" *Home Finance Trust* v. *Rantoul Garage*

*Co.* 300 Mass. 86, 88–89, and cases cited. The test applied in the case just cited was whether some "matter of substance had been placed on the record which suspended the automatic entry of judgment" (page 89), and in applying this test to the facts of the case, it was decided that the pendency of a report to the Appellate Division to correct errors in a writ of review in a District Court constituted "insubstantial matter on the surface of the record" (page 88), for the reason that the established method to correct errors in a writ of review in a District Court is by appeal to the Superior Court, the Appellate Division having "no jurisdiction in the premises." (Page 88.)

Hainault took no exception, as provided by Rule 72 of the Superior Court (1932), and although the alleged bill of exceptions was filed within the twenty days provided by Rule 73, it had no foundation and could not be allowed. *Riley* v. *Brusendorff*, 226 Mass. 310, 313. Such exceptions must be treated as of no effect and non-existent. *Vallavanti* v. *Armour & Co.* 264 Mass. 337, 341. The saving of an exception is the "substantial thing and the filing of a bill its formal expression." *Lawrence* v. *Board of Registration in Medicine*, 239 Mass. 424, 427. "To constitute a valid exception it must be seasonably saved, or the rights of the other party cannot be affected." *Edwards* v. *Cockburn*, 264 Mass. 112, 116. "The claim of exceptions was the foundation of a right to file a bill of exceptions within the time required by law. If a bill of exceptions in due form is not filed within the time prescribed by law, the taking of the exceptions confers no rights. The case stands then as if no exceptions had been taken." *Sullivan* v. *Roche,* 257 Mass. 166, 170. In *Barnard Manuf. Co.* v. *Eugen C. Andres Co.* 234 Mass. 148, at page 152, it was said that the trial judge's jurisdiction to allow the exceptions was gone and that he had no power to allow them when he attempted so to do, inasmuch as the time for allowance had expired.

A comparison of the case of *Lynn Gas & Electric Co.* v. *Creditors National Clearing House, Inc.* 237 Mass. 505, with the case of *Home Finance Trust* v. *Rantoul Garage Co.* 300

Mass. 86, is worth while. The first case was a petition for a writ of error. The facts were that, on petition of the plaintiff, a writ of review issued in the Municipal Court of the City of Boston upon which a finding was made for the plaintiff in review. The case then was reported to the Appellate Division and came to this court on appeal, where it was held that "the Appellate Division was without jurisdiction to hear such a proceeding on report and that the action of the trial judge could be reviewed only by appeal to the Superior Court. 235 Mass. 114." No judgment was in fact entered on the record in the Municipal Court until after receipt of rescript from this court. The error alleged was that, since there was no intervening order to stay judgment, and since the Appellate Division had no jurisdiction to consider the report, the case was ripe for judgment and actually went to judgment automatically on the Friday following the date of decision of the judge of first instance, under what is now G. L. (Ter. Ed.) c. 235, § 2. Upon consideration of the writ of error, it was held that the general rule as to the meaning of the words "ripe for judgment" was not applicable in that a question of substance had been raised, and that the point whether the Appellate Division had jurisdiction of the report was novel and deserved serious attention. It was said, at pages 507–508: "Where a genuine question of law appears upon the record to have been raised in proper form and has been recognized as such by the judge and is not so manifestly frivolous, insubstantial, obstructive of justice and wanting in jurisdictional elements as not to be worthy of consideration, the statute as to the automatic entry of judgments is not applicable even though ultimately it may be decided that the method of seeking review of the decision complained of was by invoking a tribunal without jurisdiction in the premises, and that hence the case must finally stand upon that decision unaffected in its integrity by the attempted review. The raising of such a question on the record under such circumstances prevents the case from being 'ripe for judgment.'" The case of *Home Finance Trust* v. *Rantoul Garage Co.*, *supra*, was a writ of review in a District

Court, which came before this court on a bill of exceptions, filed by the defendant in the Superior Court, to the allowance of a motion to dismiss an appeal taken by the defendant from a judgment in favor of the plaintiff. The docket entries in the District Court were that there was a finding for the plaintiff; that thereafter the defendant filed a request for a report, and its motion to extend the time for filing a draft report was allowed; that the draft report was filed and then the defendant's request for report was disallowed; that judgment for the plaintiff was entered on the docket on December 4, 1936, in accordance with the rulings and findings of April 30, 1936; and that on December 5, 1936, the defendant's claim of appeal was filed. The plaintiff filed in the Superior Court a motion to dismiss this appeal on the ground that it was too late, judgment having been entered for the plaintiff, and also that the District Court had no jurisdiction to entertain a claim of appeal. This motion was allowed. It was held that the proceedings in the District Court from the day when the defendant filed a request for a report were a nullity, the Appellate Division having no jurisdiction in the premises, that question having been settled and no longer being open to doubt, citing *Lynn Gas & Electric Co.* v. *Creditors National Clearing House*, 235 Mass. 114; *S. C.* 237 Mass. 505, "Those proceedings were of no avail to the defendant. They did not suspend the operation of the entry of an automatic judgment under the statute." (Page 88.) The opinion in this case points out further that by the filing of the rulings and findings of the trial judge in favor of the plaintiff, the case was brought to a final determination and everything had been done that ought to be done before the entry of a final adjudication, and that the case was ripe for judgment and went to judgment on May 8, 1936, although the clerk failed to make any entry to that effect. (Page 89.)

In the case at bar it did not appear upon the record that a genuine question of law had been raised "in proper form." The point whether a bill of exceptions has any life where no exception has been taken by a writing filed with the clerk within the time allowed by the rule was not "novel" and

deserved no attention at all. Moreover, there was no order outstanding that should have been recorded. See *Hathaway* v. *Congregation Ohab Shalom*, 216 Mass. 539, 542; *Farris* v. *St. Paul's Baptist Church*, 220 Mass. 356; *Reno* v. *Cotter*, 236 Mass. 556, 561.

From time to time this court, in considering the question here involved, has referred to other cases in some of which it has been held that they were ripe for judgment, although some matter remained undisposed of on the surface of the record, and also to cases in which "some matter of substance had been placed on the record which suspended the automatic entry of judgment." *Home Finance Trust* v. *Rantoul Garage Co.* 300 Mass. 86, 89, and cases cited.

It is settled that the fact that no judgment is recorded by the clerk does not prevent the case from going to judgment, if it is ripe for judgment on judgment day. *Krinsky* v. *Stevens Coal Sales Co. Inc.* 309 Mass. 528, 530–531, and cases cited. It well may be that the clerk is not required to pass upon the question whether the docket discloses that anything of substance is pending. Once it is determined that judgment is deemed in law to have been rendered when it ought to have been entered under the rule or order of the court, regardless of the action or inaction of the clerk, the question for decision obviously is whether there was anything on the record to prevent the automatic entry of judgment. We are of opinion that in the case at bar there was nothing so appearing. If the clerk enters judgment when he should not, obviously his act cannot affect the rights of the parties. *American Wood Working Machinery Co.* v. *Furbush*, 193 Mass. 455. One test that may be applied is what the effect would have been in the case at bar if, in the circumstances disclosed, the clerk had, in fact, entered judgment on the record. We think it could not have been said that the judgment was not entered rightly.

We are of opinion that the judge, in the circumstances, was without power to report the case, and that it was error to deny the plaintiff's motion for the entry of judgment. The other exceptions need not be considered. The entry

as to the "Report" will be, report dismissed, and as to the exceptions, exceptions sustained.

*So ordered.*