JOHN J. KLIER & others *vs.* BUILDING INSPECTOR OF LAWRENCE & another.

Essex. April 5, 1955. — September 19, 1955.

Present: QUA, C.J., RONAN, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Practice, Civil,* Order for judgment, Entry of judgment, Appeal. *Words,* "Petition dismissed."

The concluding words "Petition dismissed" in a decision filed by the judge in a mandamus case before the case was ripe for judgment had no greater effect than an order for judgment.

The provision of Rule 79 of the Superior Court (1954) authorizing the entry of judgment at times other than those fixed by the rule does not empower the court to shorten the twenty day period allowed by G. L. (Ter. Ed.) c. 231, § 113, for filing a bill of exceptions.

PETITION for a writ of mandamus, filed in the Superior Court on October 8, 1953.

The petitioners alleged an exception to and appealed from the allowance of a motion by *Hudson, J.,* as described in the opinion.

*Andrew A. Caffrey, (Joseph F. Bacigalupo* with him,) for the petitioners.

*Carlton W. Spencer, (Roland E. Shaine* with him,) for the intervener.

*James P. Kane,* City Solicitor, for the respondents.

SPALDING, J.   This petition for a writ of mandamus was brought to compel the city clerk of Lawrence to expunge from his record a vote of the city council amending the city's zoning law by reclassifying a district, and to compel the building inspector of the city to enforce the zoning law as it existed prior to the purported amendment.   Eaton, Inc., an owner of land affected by the amendment, was allowed to intervene as a respondent.

On July 13, 1954, after a hearing on the merits, the trial judge filed a paper with the clerk entitled "Findings of Fact, Rulings of Law," the concluding words of which were "Petition dismissed."   On August 25 the petitioners claimed an appeal under "section 1D of . . . [G. L. (Ter. Ed.) c. 213, inserted by St. 1943, c. 374, § 4] from the final judgment . . .. "

The intervener moved to dismiss the appeal on the ground that it was not seasonable, and the motion was allowed.   The petitioners duly excepted to this action and they also claimed an appeal, presumably under G. L. (Ter. Ed.) c. 231, § 96, and the case comes here on a bill of exceptions and by appeal.   The only question sought to be raised is whether the allowance of the motion to dismiss the appeal under § 1D was right.   Since this issue is fully presented by the bill of exceptions there is no need to consider the appeal under § 96.

The petitioners were appealing under the provisions of G. L. (Ter. Ed.) c. 213, § 1D, inserted by St. 1943, c. 374, § 4.   Such an appeal must be from a "final judgment." *Needham* v. *County Commissioners of Norfolk,* 324 Mass. 293, 295.   We assume that the words "Petition dismissed" at the end of the judge's decision would, if the case had then been ripe for judgment, have been apt to indicate the entry of a final judgment.   See *Reardon* v. *Director of Civil Service,* 318 Mass. 173; *Barry* v. *Civil Service Commission,* 323 Mass. 431, 435; *Sunderland* v. *Building Inspector of North Andover,* 328 Mass. 638, 639; *Feener Business Schools, Inc.* v. *Board of Collegiate Authority,* 329 Mass. 170, 171.   The question, therefore, narrows down to whether

on July 13, when the judge filed his decision containing these words, the case was ripe for judgment. We are of opinion that it was not and that these words can have no greater effect than an order for judgment, for the judge rendered his decision before the expiration of the time fixed for appeal in a proper case under G. L. (Ter. Ed.) c. 231, § 96, and before the expiration of the time fixed for taking exceptions to rulings made in the absence of counsel. *Watts* v. *Watts,* 312 Mass. 442, 449. *Burnham* v. *Dollard,* 269 Mass. 530. Rule 72 of the Superior Court (1954). Whatever doubts there may have been formerly on the question (see *Needham* v. *County Commissioners of Norfolk,* 324 Mass. 293, 295) it is now settled that certiorari and mandamus cases heard in the Superior Court, both of which are on the law side of the court, may come here by appeal under § 96. *Adamsky* v. *City Council of New Bedford,* 326 Mass. 706. *Mayor of Beverly* v. *First District Court of Essex,* 327 Mass. 56, 58. *Hannigan* v. *Board of Appeals of Lowell,* 328 Mass. 366.

Moreover, the petitioners under G. L. (Ter. Ed.) c. 231, § 113, would have had twenty days after the receipt of notice of the decision within which to file a bill of exceptions based on exceptions taken during the trial. That portion of Rule 79 which authorizes the entry of judgment at times other than those fixed in the rule does not empower the court to shorten the period allowed by § 113 for filing exceptions. *Everett-Morgan Co.* v. *Boyajian Pharmacy,* 244 Mass. 460, 462.

Thus the petitioners had at least twenty days from July 13, or until August 2, within which to file exceptions, and they could also have claimed an appeal under § 96 within this period, for the appeal under this section is not from the judgment, as in the case of an appeal under c. 213, § 1D, but from the order for judgment. Since they did neither, the case was ripe for judgment on August 3, and went to judgment on the following Monday, August 9. Rule 79 of the Superior Court (1954). The petitioners

under c. 213, § 1D, had twenty days from that date, or until August 29, within which to appeal.[1] It follows that their appeal on August 25 was seasonable.

*Exceptions sustained.*

*Appeal dismissed.*

---

[1] See G. L. (Ter. Ed.) c. 214, § 19, which is made applicable to appeals under § 1D.