JOHN D. MARTIN *vs.* ALDERMEN OF NEWTON & another.

Middlesex. April 7, 8, 1958. — May 9, 1958.

Present: WILKINS, C.J., RONAN, SPALDING, WHITTEMORE, & CUTTER, JJ.

*Practice, Civil,* Entry of judgment. *Municipal Corporations,* Officers and agents. *Newton. Election. Words,* "Action."

In the circumstances, although an attempted appeal in 1956 by the respondents in a mandamus case from a purported "final judgment" which was only an order for judgment was ultimately held by this court not to lie and such appeal and also an appeal from an order overruling a demurrer were dismissed, the pendency of such appeals prevented the case from going to judgment automatically on the first Monday following the expiration of twenty days after the order for judgment, and a subsequent appeal seasonably taken from the judgment after the case went to judgment following the dismissal of the earlier appeals brought the merits of the case to this court. [545–549]

The statute governing removal of the comptroller of accounts of Newton is St. 1913, c. 108, § 1, not G. L. c. 39, § 8A. [550]

Under St. 1913, c. 108, § 1, providing that the comptroller of accounts of Newton "may be removed by vote of a majority of all the members of the board of aldermen taken by ballot," he may be removed without cause and without notice or hearing. [550]

There was no merit in a contention that a city board, by furnishing an official with a statement of charges against him and giving him an opportunity to be heard before removing him from office, although not required to do so by the applicable statute governing his removal, elected to proceed under another, inapplicable statute requiring a public hearing after notice for removal. [551]

PETITION for a writ of mandamus, filed in the Superior Court on December 28, 1955.

The case was heard by *Paquet,* J. Following the decision of this court reported in 335 Mass. 362, dismissing an appeal from his order of February 8, 1956, the respondents appealed from a judgment entered pursuant to such order.

*Matt B. Jones, Jr.,* City Solicitor, for the respondents.

*James G. Fay,* (*David Sanderson* with him,) for the petitioner.

WHITTEMORE, J.   This is the respondents' appeal[1] from a final judgment that a writ of mandamus issue commanding the respondent members of the board of aldermen of the city of Newton forthwith to reinstate the petitioner in the office of comptroller of accounts of the city.

The respondents had earlier appealed to this court from an order of February 8, 1956, made after trial of the case on evidence, which was entitled "Final Judgment" and was entered as such on the docket.   We held as to that appeal, 335 Mass. 362, following *Klier* v. *Building Inspector of Lawrence,* 333 Mass. 111, that it did not carry the case to this court under G. L. c. 213, § 1D (which permits an appeal from a final judgment rendered upon a petition for a writ of mandamus or writ of certiorari), inasmuch as the order of February 8 was substantively only a direction for the entry of judgment, there being no prior order stating the judge's decision.   We pointed out that such an order is appealable only when it is "decisive of the case founded upon matter of law apparent on the record."   G. L. c. 231, § 96.   The *Klier* case established that regardless of the aptness of the words used to declare a judgment (as, in that case, "Petition dismissed") the entry cannot so operate where there has not been a prior order and notice of decision followed by the necessary twenty days for filing claim of appeal (c. 231, § 96) and bill of exceptions (c. 231, § 113).

1. We think that this appeal brings before us the merits of the case.

We are unable to accept the petitioner's contention that the case went to judgment automatically on March 5, 1956, that is, on the first Monday following the expiration of the twenty day period beginning February 8, 1956.   The issue is whether the case was then "ripe for judgment" under Rule 79 of the Superior Court (1954).   See G. L. c. 235, § 1. The applicable principles have been applied in several cases.   We notice first *Lynn Gas & Electric Co.* v. *Creditors National Clearing House, Inc.* 237 Mass. 505.   In a prior

---

[1] Entered late by leave of this court.

decision in 1920 in the same case (235 Mass. 114), we held
that the Appellate Division of the Municipal Court of the
City of Boston was without jurisdiction of a report of pro-
ceedings on a writ of review in the Municipal Court and
that the action of the trial judge could be reviewed only by
appeal to the Superior Court. In the decision at 237 Mass.
505, we held that the pendency of the report had prevented
the case becoming ripe for judgment under R. L. c. 177,
§ 2 (now G. L. c. 235, § 2), and said (pages 507–508), "Where
a genuine question of law appears upon the record to have
been raised in proper form and has been recognized as such
by the judge and is not so manifestly frivolous, insubstantial,
obstructive of justice and wanting in jurisdictional elements
as not to be worthy of consideration, the statute as to the
automatic entry of judgments is not applicable even though
ultimately it may be decided that the method of seeking
review of the decision complained of was by invoking a
tribunal without jurisdiction in the premises, and that
hence the case must finally stand upon that decision un-
affected in its integrity by the attempted review. The rais-
ing of such a question on the record under such circumstances
prevents the case from being 'ripe for judgment' in the sense
in which those words are used in R. L. c. 177, § 2. The case
at bar is within the scope of *Norcross* v. *Crabtree,* 161 Mass.
55, and *American Wood Working Machinery Co.* v. *Furbush,*
193 Mass. 455."

In *American Wood Working Machinery Co.* v. *Furbush,*
193 Mass. 455, 457, we said that, in general, a case is ripe
for judgment "when, under the last entry, the case seems
to have been brought to a final determination, and every-
thing seems to have been done that ought to be done before
the entry of a final adjudication upon the rights of the
parties."

The petitioner relies on *Home Finance Trust* v. *Rantoul
Garage Co.* 300 Mass. 86, and *Hacking* v. *Coördinator of the
Emergency Relief Department of New Bedford,* 313 Mass.
413. In the *Home Finance* case, decided in 1938, an appeal
was taken to the Superior Court after an abortive report to

the Appellate Division claimed in 1936, and the Superior Court dismissed the appeal. We held that the proceedings for a report were a nullity since the established method to correct errors in a writ of review in a District Court is by appeal to the Superior Court. "That question has been settled and is no longer open to doubt. . . . [Citing the *Lynn Gas & Electric Co.* cases.] Those proceedings . . . [for a report] did not suspend the operation of the entry of an automatic judgment under the statute" (page 88). We note that in the *Home Finance* case when the claim of report was filed it had been established for sixteen years that such a proceeding was a nullity.

In the *Hacking* case we held that a petition for a writ of mandamus in the Superior Court went to judgment automatically after an order that the writ issue notwithstanding the placing on record of a "bill of exceptions" which contained no allegations that any exceptions ever were claimed. The bill was filed to prevent the case from going to judgment in the hope of holding it open for a report by the judge in the event that settlement negotiations failed. The respondent had seasonably presented requests for rulings but had overlooked filing a claim of exceptions to their denial or to the judge's order. That opinion states the view (page 420) that the cause may go to judgment automatically notwithstanding that the record entry relied on to prevent it is such as would justify the clerk in not undertaking by himself to determine whether that entry is an indication that a matter of substance is pending. In the *Hacking* case (313 Mass. 413, 415), it was apparent from the record "that none of the parties concerned, including the judge, ever entertained a thought even that the bill of exceptions had any standing whatever."

There was, we take it, for some time a general impression that G. L. c. 213, § 1D, in providing that the appeal from final judgment in certiorari or mandamus proceedings was subject to stated sections of c. 214 relative to appeals in equity, in particular § 19, supported the course followed in this case. The first sentence of c. 214, § 19, provides, "A party aggrieved by a final decree of a justice of the supreme

judicial court or a final decree of the superior court may, within twenty days . . . appeal therefrom." There is no requirement in c. 214 that there be a prior order for decree. The difficulty lay not in the existence of the rights given by c. 231, § 96, but in the nature of a final judgment. That the Legislature could do what some believed it had done is shown by St. 1957, c. 155, which causes § 1D now to read, "A person aggrieved by a final judgment or any order decisive of the issues . . . may appeal . . . ."

In the circumstances, we are not disposed to apply the principle of the *Home Finance* and *Hacking* cases to deprive litigants of a review of substantive points within a reasonable period in which the bar may learn of and understand the correct rule. But we need not determine whether the four and one half months which had elapsed from the date of the decision in the *Klier* case to the date when the order of, and entry of, "Final Judgment" were made was more than a reasonable period. There was in any event one question of law raised by the record "not so manifestly frivolous, insubstantial, obstructive of justice and wanting in jurisdictional elements as not to be worthy of consideration." That was the question of the effect of the pending appeal from an interlocutory order overruling a demurrer. The petitioner's brief in the earlier proceeding contended on that issue that "[t]he appeal . . . [from the order of February 8, 1956] must . . . be construed as an appeal from an order for judgment. The filing of an appeal from an order for judgment prevents the entry of final judgment. G. L. (Ter. Ed.) c. 231, § 96 [cases] . . . [Therefore] the case was not 'in all other respects ripe for final disposition' within the meaning of G. L. (Ter. Ed.) c. 231, § 96, and . . . the appeal with reference to the order overruling the respondent's demurrer cannot be considered by this court at this stage . . . [cases]." Another conclusion on the petitioner's then stated premise would have been that, in view of the order for judgment, the case, except for the appeals from that order and from the demurrer, was "ripe for final disposition by the superior court" so that the appeal from

the action on the demurrer was before this court. Another view would be that expressed in the petitioner's current brief, that the respondents had sought to have the case reviewed under c. 213, § 1D, with fatal effect on the appeal in respect of the demurrer. The issue of the correctness of the order overruling the demurrer was open under G. L. c. 214, § 27, only if there was a valid appeal from a final judgment. See *Lowell Bar Association* v. *Loeb*, 315 Mass. 176, 187–188; *Collins* v. *Keefe*, 332 Mass. 375, 377–378. If this view prevailed the question would be presented of whether the appeal from the order overruling the demurrer was extinguished as soon as the nugatory appeal from the "final judgment" was taken, as the petitioner now contends, or continued to have force at least until the decision of this court that the appeal from the "order for judgment" brought nothing before us, thus excluding the possibility of reviewing the order overruling the demurrer under c. 231, § 96. In 335 Mass. 362, 363, both appeals were dismissed. We need not comment on the issues just stated. We rule that the principle underlying the decision in *Lynn Gas & Electric Co.* v. *Creditors National Clearing House, Inc.* 237 Mass. 505, is applicable and the case was not ripe for judgment prior to rescript on the first appeal. Additionally we hold that whatever the effect on the order overruling the demurrer, the premature effort to bring the merits before us under G. L. c. 213, § 1D, was not a waiver of rights to have a valid final judgment examined here on the merits.

There is nothing in the petitioner's contention that our rescript dismissing the appeals "impliedly . . . affirmed" a judgment in accordance with the order for judgment entered February 8, 1956, and that since the judgment now appealed from is a judgment after rescript, the appeal from it "brings to the full court the final decree after rescript merely for the purpose of comparison with the rescript." *Carilli* v. *Hersey*, 303 Mass. 82, 85. This is the first appeal which has brought the substance here. The rescript affirmed what the accompanying opinion stated and did not affirm an assumed automatic judgment.

2. The judgment that writ of mandamus issue was erroneous.

The relevant general statute is G. L. c. 39, § 8A, which provides: "Unless otherwise provided in any general law or in any special law relating to a city, any officer or official appointed or elected by the city council may be removed by said council for cause after a public hearing, written notice of which shall be given said officer or official fourteen days, at least, prior to the date thereof. . . ."

This statute was inapplicable because there was other provision in a special law relating to the city of Newton. *Williams* v. *City Manager of Haverhill*, 330 Mass. 14, 17. Statute 1913, c. 108, § 1, as amended by St. 1913, c. 383, provides: "The office of comptroller of accounts of the city of Newton is hereby established. The comptroller of accounts shall have charge and oversight of the accounts and bookkeeping of the city of Newton and of the various departments thereof, and shall have such other powers and duties as the board of aldermen of the city may by ordinance prescribe. He shall be elected by the board of aldermen. The term of office . . . shall be three years . . . or until a successor is elected and qualified. The comptroller of accounts may be removed by vote of a majority of all the members of the board of aldermen taken by ballot. A vacancy in the office shall be filled in the same manner, and the person elected shall hold office until the end of the unexpired term, unless removed as herein provided, and until his successor is elected and qualified. The office of city auditor of the city of Newton is hereby abolished." Under such a statute an officer may be removed without cause and without notice or a hearing. *Bailen* v. *Assessors of Chelsea*, 241 Mass. 411, 413–414, and cases cited.

There are reasons why such an officer as comptroller of accounts should be removable by vote of the appointing board without cause. No intent to repeal or modify St. 1913, c. 108, § 1, as amended, is manifested in G. L. c. 39, § 8A. This general statute has left the Newton charter provision operative in accordance with its terms. *Copeland* v. *Mayor*

*& Aldermen of Springfield,* 166 Mass. 498, 504. *Boston & Albany Railroad* v. *Public Service Commissioners,* 232 Mass. 358, 359. See *McKenna* v. *White,* 287 Mass. 495, 499; *Opinion of the Justices,* 323 Mass. 769, 770–771; *Haffner* v. *Director of Public Safety of Lawrence,* 329 Mass. 709, 713–714.

Although, since by its terms G. L. c. 39, § 8A, was inapplicable we need not decide the point, we note nevertheless that we find nothing in the evidence which would support the contention of the petitioner that the board of aldermen elected to proceed under G. L. c. 39, § 8A, having assumed it to be applicable. The board did not, by giving the petitioner an opportunity to be heard and furnishing him with a list of charges, manifest an election to proceed under G. L. c. 39, § 8A. Whatever the reasons for the removal (see *McKenna* v. *White,* 287 Mass. 495, 498), it was open to the board to follow the commendable course of weighing them finally only after hearing the petitioner. We reject the suggestion that failure to give such an opportunity would have been action more in conformity with the city charter.

It makes no difference, we think, whether the notice of December 2, 1955, could be construed, in view of other provisions of the city charter, to show an intent to give a public hearing. In any event we do not think the notice shows such an intent.

Statute 1897, c. 283, § 13, provides that "The board of aldermen may hold a special meeting at any time . . . . All meetings shall be public except when action is taken upon appointments or removals." We need not distinguish nicely between meetings of members sitting as a committee of the whole and meetings of the board. We construe "action" to include investigation and discussion preliminary to a vote so that the petitioner has no ground of complaint in the fact that his removal was preliminarily dealt with in private. We need not determine whether, if "action" were construed to mean only the vote, there would be any prejudice to the petitioner in the fact that the board did not disclose at a public meeting all their preliminary views and discussion.

There is certainly a basis for the view that this would not be prejudicial. Nor was the petitioner prejudiced by the fact that the vote of removal was at a public meeting. The statute gave the board the right to exclude the public; it did not require that they do so.

*Judgment reversed.*