*Northern District*

No. 6216

**SUPPLIERS AUTOMOTIVE PARTS COMPANY**

**v.**

**EDWARD LONG**

*Present*: Brooks, P. J., Parker, Yesley, JJ.

Case tried to *Cullen, J.* in the Fourth District Court of Eastern Middlesex, No. 159 of 1965.

*Yesley, J. This is an action 'of contract* in which recovery is sought for merchandise which the plaintiff alleges was ordered by the defendant.

*There was evidence that* the plaintiff had been doing business for some time with Loraine Construction Corporation, of which the defendant was an officer; that "the defendant had ordered the merchandise which is the

subject of this suit, as well as all prior merchandise purchased by the . . . . corporation from the plaintiff"; that all purchases, including the present one, were billed to the corporation; that payment for all prior purchases was made by check of the corporation; and that no demand had been made on the defendant to pay for this purchase prior to suit.

There was a finding for the defendant, which was entered on March 23, 1965. No further entries appear on the docket until the filing on June 2, 1965 of a motion to vacate the finding and for a new trial. By that date, the time for filing a draft report had long expired (Rule 28 of the District Courts (1965)), and the case had long before been ripe for judgment. See *Ahern v. Towle,* 310 Mass. 695, 698; *Hacking v. Co-ordinator of The Emergency Relief Department of New Bedford,* 313 Mass. 413, 416; G.L. c. 235, §2; Rule 36 of the Rules of the District Courts (1965).

■ The fact that no judgment was recorded by the clerk of court did not prevent the case from going to judgment. *Hacking v. Co-ordinator of The Emergency Relief Department of New Bedford,* 313 Mass. 413, 420.

■ The motion for a new trial should not have been received by the clerk since it was filed after the date on which judgment should have entered. G.L. c 231, §127; Rule 26 of the Rules of the District Courts (1965).

The case, nevertheless, has come here by a report in which it appears that the plaintiff claims to be aggrieved by the action of the trial justice in denying the plaintiff's motion for a new trial. Without intimating that we were required to do so, we considered the question reported and have found no error in the denial of the motion for a new trial.

By this motion, the plaintiff was in effect asking the trial justice to review and revise a matter he had just considered and decided. See *Bartley v. Phillips,* 317 Mass. 35, 39. It sought rulings of law that might have been, but were not, presented at the trial. In such a case, the motion is addressed to the discretion of the court, from the exercise of which no appeal lies unless clear abuse is shown, *Daddario v. Gloucester,* 329 Mass. 297, 301, which in this case does not appear.

The evidence was undisputed that the defendant ordered the merchandise in question as agent of a disclosed principal. As such he was not liable. *Goodenough v. Thayer,* 132 Mass. 152, 154; *Henry W. Savage, Inc. v. Friedberg,* 322 Mass. 321, 324.

The plaintiff in its brief has vigorously argued that the defendant should have been held liable under the provisions of G.L. c. 156, §36, which impose liability on officers for certain contracts of a corporation where there has been an improper issuance of capital stock or where such officers have knowingly made a false statement or report required by that chapter. There was no evi-

dence presented at the trial of the existence of any such circumstances. The trial justice could not have found the defendant liable on this statutory ground.

*There being no error, the report is ordered dismissed.*

Herbert Lord, Esq. for plaintiff.

Shea & Murphy, Esqs. for defendant.